CITY OF OKLAHOMA CITY et al. v. HARRIS et al.

No. 29432. Oct. 21, 1941.

Rehearing Denied June 16, 1942.

Application for Leave to File Second Petition for Rehearing Denied June 30, 1942.

*126 P. 2d 988.*

126

O. A. Cargill and John Barry, both of Oklahoma City, for plaintiff in error.

E. P. Ledbetter and Clay M. Roper, both of Oklahoma City, for defendants in error.

ARNOLD, J. This is an appeal from the district court of Oklahoma county wherein said court vacated and set aside a permit issued by the city of Oklahoma City and the building commission of the city of Oklahoma City to Harry Lee Manion. From which judgment Harry Lee Manion appeals.

Manion, plaintiff in error, is the owner of lot 10, block 12, Winans Highland Terrace addition to Oklahoma City. This property is included in the U-1 or residential zone of said city. On application the building superintendent denied a permit for the erection of a business building, approximately 85 x 150 feet and two stories in height of brick construction to be used as a business and office building. Thereafter, Manion appealed to the board of adjustment of the city of Oklahoma City. After hearing evidence the board of adjustment made the following findings:

"The board further finds that there has been in the last few years an extensive expansion of the business territory of Oklahoma City in and near the plaintiff's property; that the plaintiff's property is surrounded by business buildings on all three sides, all of which area is used for business purposes; that immediately to the north and for more than two blocks there is a continuous wall of business houses doing an extensive business; that to the east on the north side of the street and extending westward there also is a continuous wall of business; that a metropolitan theatre is operated across the street; that the business houses and theatre have large flashing advertising signs; that the present traffic conditions existing throughout the day and part of the night are comparable to the traffic conditions existing in the business part of the city proper.

"The board further finds that the plaintiff's property has been entirely destroyed for residential purposes and that it is only fitted for business purposes; that that part of Winans Highland Terrace addition bordering on 23rd and Walker has been completely changed from a residential district to a district and area suitable for business purposes; that an exception to the terms of the ordinance restricting said addi-

tion to residence purposes only should be made for the best interest and the orderly development of the city; that no hardships, loss or inconvenience will be worked or caused thereby from any person or persons in so doing; that the original scheme contemplated in the dedication of the plat of Winans Highland Terrace addition has been defeated insofar as the property in said area is concerned; that the change has gradually occurred but that within the past months there has been rapid changes of conditions in said area and that the zone in and around the intersection of 23rd and Walker has now developed into and is an intensive shopping and business district.

"The board further finds that the area north of the alley in this block may be used for business purposes without in any manner interfering with the value, use or enjoyment of any of the other property in said addition.

"The board further finds that an exception to the zoning ordinance should be made and that the board has authority to grant the exception and to allow the permit as prayed for."

The board ordered that a permit be issued and granted to said Manion. From this order an appeal was taken, as provided by statute, to the district court of Oklahoma county; after the hearing of evidence the district court sustained the appeal, and vacated, reversed, and set aside the permit issued to Manion to build a business building on the above-described property.

The evidence discloses that the north side of 23rd street, from a block west of Walker avenue to Broadway, is completely covered by business houses; that the property involved herein is located on the southeast corner of 23rd and Walker; that immediately across the street on the north side of 23rd street there is located a one-story building in which there are operated a drugstore, candy store, and other businesses; that immediately adjoining this building is a two-story building in which various businesses are operated; that immediately adjacent thereto is a modern theatre; that various other businesses make up the balance of that block; that the

lots on which these buildings are located are not in Winans Highland Terrace addition, but just across the street therefrom; that on the corner of 23rd and Walker there are electric traffic signals and the traffic at such intersection is almost continuous, there being two lines of traffic each way; that on the south side of 23rd street immediately in front of this property, by reason of the traffic condition, no parking is allowed; also along the west side of this property on Walker avenue there is a restriction against parking; that there are numerous electric neon signs and other types of electric signs operated by the businesses on the north side of 23rd street. The only business, except professional offices operated on the south side of 23rd street in the same block as the property involved herein, is the Acme Window Cleaning Company.

The evidence further discloses that in 1925 the city of Oklahoma City zoned Winans Highland Terrace addition for apartment houses; that there are a number of apartment houses and duplexes in the addition.

There is no evidence of any business, merchandising, or manufacturing being carried on within Winans Highland Terrace addition.

The evidence of the plaintiff discloses that the property on the south side of 23rd street between Walker and Hudson avenues is greatly impaired for residential purposes; that by reason of the noise, traffic lights, and debris from the businesses said property is no longer suitable for homes; that by reason of the traffic it is impossible for the people living on the south side of 23rd street to drive into their homes without violating city traffic ordinances.

The evidence of the defendant was to the effect that the protestants relied upon the plat restriction against business being carried on in said addition; that the building of a business building on the south side of 23rd street on the Manion property would break down such plat restriction and thereby hurt the value of their property for residen-

tial purposes; that the building of a business building thereon would make the use of their property for residential purposes much less desirable.

The first proposition of the plaintiff in error is that in an appeal to the district court from an order of the board of adjustment granting an exception to a zoning ordinance, plat restrictions cannot be considered.

The zoning ordinance prohibits any such business structure as is involved in this case. Said ordinance is a proper exercise of the police power of the city granted by the sovereign State of Oklahoma. The board of adjustment of Oklahoma City considered the application of Manion and determined that an exception should be created or recognized in his behalf, varying the application of the ordinance as to him. The board of adjustment in determining this exception in Manion's favor could not consider plat restrictions that might be existent and that might be construed and applied in a different cause of action. In this connection, however, it did find "that the original scheme contemplated in the dedication of the plat of Winans Highland Terrace addition has been defeated insofar as the property in said area is concerned." The interpretation, construction, legal effect and application of plat restrictions can be accomplished only by a court of equity. The board of adjustment is an administrative board that has been granted certain quasi-judicial functions, such as the one involved in this case, to wit: The determination of existing facts and circumstances, and that said facts and circumstances do, or do not, create a situation wherein the literal application of the ordinance would be unjust and unduly burdensome to an individual. It is not a court, however, and cannot construe, enforce, or strike down plat restrictions. Said board of adjustment cannot even consider plat restrictions in connection with all the other facts and circumstances developed for the reason that the burden placed on the individual is created by the existent facts and is in no wise lessened or increased by the

terms of plat restrictions. Plat restrictions might mean that the individual could have no relief and would, therefore, have to bear the burden regardless of how great it might be. So to permit the board of adjustment to consider plat restrictions would permit it to determine the legal effect of the plat restrictions, or, in other words, to determine whether or not the individual would have to bear the burden, however great, that was placed on him by the surrounding facts and circumstances.

The State of Oklahoma gave to the city of Oklahoma City the police power to zone, and, of course, to create the restriction herein involved. The State Legislature also passed section 6176, O. S. 1931, 11 Okla. St. Ann. § 407; the third subdivision thereof defines the duties and powers of a board of adjustment with reference to the determination of such an exception to the ordinance as herein involved; said subdivision is as follows:

"To authorize upon appeal in specific cases such *variance* from the terms of the ordinance as will not be contrary to the public interest, where owing to special conditions a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done."

Of course, it must be admitted that the city when it enacted the ordinance under consideration did so with knowledge and in contemplation of the authorized power and duty of its board of adjustment created and empowered by the Legislature of this state under section 6176, supra. All the people of Oklahoma City are interested in the creation of zones and the enforcement of reasonable restrictions therein in order that systematic planning may be effected. All the people of Oklahoma City, and not only the people living in the zoned area, therefore, are interested in the creation of the zoned area in this instance and the enforcement of the particular restriction involved in this case. If such public interest did not exist, the ordinance would have to be

stricken down because it would not be a proper exercise of the police power. The public interest must be present or the ordinance could not be sustained as a proper exercise of the police power.

So it is obvious that the interests of the people living in Winans Highland Terrace addition do not control the question of whether the existent facts determine that an exception to the ordinance should be recognized. This is not true of plat restrictions. Existing conditions outside the platted area would ordinarily have no effect on the question of whether plat restrictions should be stricken down. Construed in connection with section 6176, supra, it is clear that the city of Oklahoma City did not intend to apply any such ordinance to any individual where it would be unnecessarily oppressive or burdensome. It is the "spirit" of the ordinance not to be unnecessarily oppressive or burdensome and unjust to an individual. The "public interest" would demand that justice be done, and no one be unnecessarily oppressed or have to carry an unwarranted hardship. If exceptions are not to be contemplated and indulged in proper cases, under the terms of the ordinance herein involved, the ordinance then might be in some instances an oppressive, arbitrary, and capricious ordinance, and, therefore, unconstitutional. If it were not for the authority of the board of adjustment, created by the statute above referred to, the very ordinance in question under these and similar circumstances would necessarily be arbitrary and capricious.

So the board of adjustment is properly empowered by said statute to determine that in a particular situation, such as the Legislature of Oklahoma under said section, supra, and the city of Oklahoma under its ordinance, anticipated might arise, the ordinance should not be applied literally and the board of adjustment should make proper adjustment or create an exception to prevent unnecessary hardship. In order to prevent injustice, oppression, arbitrary application, and to promote "the public interest," the board of adjustment has the power to find, under a certain set of facts, that the literal application of the ordinance would not be within the spirit of the ordinance. In other words, having in mind the public interest, and the interest of the people in Winans Highland Terrace addition, the city intended that so long as no oppression or unnecessarily great burden exists, and, therefore, no great individual injustice done, that the ordinance would be applied strictly, but conversely, if the situation was such as to indicate oppression and unnecessary individual burden, then the spirit of the ordinance would be in accordance with the spirit of the law—that it would not be applied strictly and literally. The power and authority to determine the existence of such a state of facts or exception is not a delegation of legislative authority; it is merely the delegation of the power and authority, coupled with the duty to perform the function of hearing testimony, to determine if the facts are such as was intended by the city council and Legislature of the State of Oklahoma to be an exception. In re Dawson et al., 136 Okla. 113, 277 P. 226. This is a quasi-judicial function by an administrative board.

The appeal from the board of adjustment is to the district courts of the state, and in this instance to the district court of Oklahoma county. The inquiry on appeal is neither enlarged nor diminished by appeal; the scope of inquiry on appeal is the same as before the board of adjustment, though the appellate court is a court of general jurisdiction. The district court, though it has equitable powers, sits as a glorified board of adjustment. It, therefore, on appeal cannot consider anything except the ordinance and the facts surrounding the question of whether or not the situation demands a variance of the ordinance in its application to a particular case. Reinhart & Donovan Co. et al. v. Refiners' Production Co. et al., 175 Okla. 522, 53 P. 2d 1116. If the facts presented warrant the conclusion reached by the board of adjustment, then the matter should be affirmed. If not, the board of adjustment should be reversed. An

examination of the record discloses sufficient evidence to have warranted the district court in making the same finding as to the zoning ordinance as was made by the board of adjustment in its order; the determination of the district court to the contrary is against the clear weight of the evidence bearing on the question of an exception to or variance from the literal application of the ordinance, and, therefore, such court should have made and entered an order granting an exception to such zoning ordinance and should have directed that a permit be issued to Manion.

In the case of Van Meter v. Manion, 170 Okla. 81, 38 P. 2d 557, the identical property and the identical zoning ordinance involved in this case was before this court. In that case the board of adjustment found that by reason of the business development and the increased traffic, with the attendant noises and hazards thereby created, Manion's property had been rendered almost totally unfit for residential purposes and is now suitable only for business purposes, and except for the plat restriction against the use of the property for business purposes, the permit to build a business building should have been granted. On account of the plat restriction, the permit was refused. Manion then appealed to the district court of Oklahoma county, and after hearing evidence the trial court entered judgment setting aside the order of the board of adjustment and building commissioner and directed the building commissioner to issue a permit. Thereafter, defendant appealed to this court. This court reversed the judgment of the district court, basing its opinion entirely on the plat restriction. In the body of the opinion, at page 82 of the Oklahoma Reports, this court said:

"No contention is made herein that the procedure here invoked is not a proper manner of presenting the determinative issue, and we shall give no consideration thereto."

It is apparent that this court did not have before it, nor did it consider, the proposition that in determining whether or not an exception should be granted to a zoning ordinance plat restriction should not be considered. The brief of the defendant in error therein discloses that such question was neither raised nor briefed. It is, therefore, apparent that there is a definite distinction between the question presented and determined therein and the proposition before the court in this case, and the rule announced therein has no application here. The rule therein pronounced is not contrary to the rule herein laid down.

The restriction in the zoning ordinance and the plat restriction are quite similar. It is, therefore, possible that Manion will be prevented from exercising the exception which was determined in his favor under the ordinance, but, as pointed out above, this is an entirely different situation. We are not herein dealing with the interpretation or legal effect of the plat restriction, and so express no view as to whether Manion should be allowed to exercise his permit. However, the plaintiff in error should not have a correctly determined exception by the board of adjustment under the ordinance taken away from him merely because he may not thereafter be permitted to exercise the exception granted him on account of plat restrictions.

The restrictions provided in a plat are made for the sole benefit of those within the area and are based on contract. Such plat restrictions may be waived, or they might, under proper circumstances, be stricken down by a court of equity. Such contingencies must not be mixed up with or considered in connection with an appeal from the board of adjustment in relation to the application of restrictions provided in a city ordinance.

Such zoning and restricting ordinances contemplate orderly planned development of the city as a whole; the city council must not be bound to adhere to plat restrictions; to do so would bind and circumscribe a modern city in its orderly planning by plat restrictions made many years previous when the conditions were entirely different;

then, too, such plat restrictions may be set aside by mutual agreement or a proper judgment of a court of equity.

In view of the determination that plat restrictions cannot be considered by the board of adjustment or by the district court on an appeal from the board of adjustment in determining whether or not an exception should be granted to a zoning ordinance, it is not necessary to discuss propositions 2 and 3 set forth in the briefs. Proposition 4, in effect, has been discussed and determined in the consideration of the first proposition.

The judgment is, therefore, reversed, and the district court is hereby directed to enter an order directing the building commissioner of the city of Oklahoma City to issue a permit in conformity with the order of the board of adjustment.

CORN, V. C. J., and RILEY, HURST, and DAVISON, JJ., concur. OSBORN, BAYLESS, and GIBSON, JJ., dissent. WELCH, C. J., not participating.