THOMPSON v. PHILLIPS PETROLEUM CO.

No. 31082. April 4, 1944.

*147 P. 2d 451.*

T. Murray Robinson, of Oklahoma City, for plaintiff in error.

Don Emery and Rayburn L. Foster, both of Bartlesville, and Wm. J. Zeman and E. G. DeParade, both of Oklahoma City, for defendant in error.

HURST, J. This is an appeal by Temple G. Thompson from a judgment of the district court sustaining, on appeal, an order of the board of adjustment of Oklahoma City which denied his application for a permit to drill a well for oil and gas purposes on block 10, Maywood addition to Oklahoma City.

The application for a drilling permit was filed September 25, 1941. At that time Thompson owned oil and gas leases on four lots in said block, and Phillips Petroleum Company owned oil and gas leases on the remaining 28 lots in said block. The lots are of equal size. The block contains 2.571 acres, and is in the U 7 zone, where wells for oil and gas purposes may be drilled. At the time Thompson acquired his leases in April, 1940, the Phillips Petroleum Company owned oil and gas leases on more than 51% in area of the communitized leases, being 12.37 acres, and its leases on lots in block 10 were a part of said communitized area. The owners of lots in the communitized area share in the royalties in the proportion that the area of their respective lots bears to the total communitized area. The leases obligated Phillips Petroleum Company to drill not more than one well to each ten acres. Three wells have been drilled by Phillips Petroleum Company on the 12.37-acre area, but no well has been drilled on block 10. Two of the wells so drilled, one north of block 10 and one south of block 10, drain oil from under block 10, and a well in a block to the west of block 10, but not in the communitized tract, also drains oil from under block 10. These three wells were completed in March, June, and November, of 1941. Prior to the time Thompson acquired his leases, his lessors had been offered an opportunity to join in the community lease on the same basis as the other lessors of Phillips Petroleum Company, but the offer was refused. Thompson owns leases in the three blocks on which the wells are located that drain oil from block 10, and as such lease owner he shares in the working interest in the production from said wells in the proportions of 21.34%, 12.5%, and 5.12% respectively. Evidence was introduced tending to prove, and from which the court could reasonably find, that block 10 is near the west edge of the producing area, that water is encroaching in the producing oil sand from the west, that the producing wells around block 10 may not pay out, and that a well drilled on block 10 would not be a paying well.

The appellant admits that the zoning ordinance under which this proceeding was prosecuted is constitutional, and that under the strict letter of the ordinance he is not entitled to the permit since he has less than 51% of the block under lease, but he contends that the board of adjustment should have made an exception in his favor in order to prevent unnecessary hardship to him and to his lessors. He contends that such exception may be made under the provision of the zoning ordinance that the board of adjustment shall have authority to "make any requirements, regulations, or orders which may be necessary, proper, or equitable, for all persons interested therein, and shall protect and safeguard the rights of all parties affected by such order."

In Anderson-Kerr v. Van Meter, 162

Okla. 176, 19 P. 2d 1068, this court laid down the rule that before the board of adjustment may make an exception or authorize a variance from the ordinance under this provision of the ordinance, and under 11 O.S. 1941 § 407, four requirements must be met, (a) that the granting of such permit will not be contrary to the public interest; (b) that the literal enforcement of the provisions of the ordinance will result in unnecessary hardships; (c) that by granting the permit contrary to the provisions of the ordinance, the spirit of the ordinance will be observed; and (d) that by the granting of the permit substantial justice will be done. While the trial court made no findings of fact or conclusions of law, the court evidently was of the opinion that Thompson failed to meet these requirements.

In Cash v. Beveridge, 183 Okla. 310, 82 P. 2d 665, we held:

"The presumption in favor of the correctness of the determination arrived at by the board of adjustment of Oklahoma city in issuing a permit for a 'drilling block,' when such determination has in effect been affirmed by the district court on appeal, should be given great weight; and the discretion exercised should not be interfered with unless arbitrary or clearly erroneous."

We are of the opinion, and hold, that, under the foregoing facts and rules of law, the judgment appealed from should be affirmed. Thompson's lessors are not asking any relief under the zoning ordinance. Thompson took the leases with knowledge that the Phillips Petroleum Company already owned leases on more than 51% in area of block 10, and, instead of asking for an equitable order under the ordinance, he seeks to secure a permit contrary to the letter and spirit of the ordinance. He does not ask that the four lots on which he has leases be treated as a separate drilling unit as was done in the case of a small area in I. T. I. O. v. Larkins, 168 Okla. 69, 31 P. 2d 608. Nor does he ask that his leases be treated as a part of the communitized area or any other drilling unit and that he share in the working interest on an equitable basis. Instead, he asks that he be given a permit to drill a well on a drilling unit in which he has a lease on but 12½% in area of the proposed drilling unit. He concedes that there is little likelihood that a well could now be drilled on block 10. He does not show that he will suffer an unnecessary hardship by reason of the refusal of the permit. The judgment appealed from is not clearly against the weight of the evidence.

In view of the conclusion we have reached, we find it unnecessary to discuss other questions argued by Phillips Petroleum Company.

Affirmed.

GIBSON, V.C.J., and RILEY, OSBORN, BAYLESS, DAVISON, and ARNOLD, JJ., concur. CORN, C.J., dissents.