LUKE, Ex'r, v. PATTERSON, Ex'x, et al.

No. 31759. Feb. 26, 1946.

*164 P. 2d 394.*

W. T. Powell, of Walters, and J. G. Clift, of Duncan, for plaintiff in error.

E. L. Richardson, of Lawton, for defendants in error.

CORN, J. This action was commenced on October 21, 1939, by the plaintiff for the foreclosure of a mortgage. Judgment was rendered by the trial court on November 28, 1941. The plaintiff appealed from this judgment, and on June 15, 1943, this court rendered an opinion. (192 Okla. 631, 139 P. 2d 175.)

On July 29, 1943, the trial court rendered another judgment. Thereafter, on the 5th day of October, 1943, the defendant filed a petition and motion to correct the judgment rendered on July 29, 1943, alleging error in rendering attorney's fees of 10 per cent of amount due from date of trial instead of 10 per cent of amount due at date of filing said cause. A hearing was had on this petition and motion on the 8th day of October, 1943, at which hearing the plaintiff filed an answer to defendant's motion to correct judgment, in which answer the plaintiff asked leave to amend his petition to conform to the proof by alleging that the amount of the indebtedness sued on should bear interest at 10 per cent per annum from maturity as provided in said mortgage, instead of 7 per cent per annum as alleged in said petition.

The plaintiff first contends that the court should have rendered judgment in favor of the plaintiff for attorney's fees of 10 per cent upon the amount of principal and interest found due at the time of rendering the judgment, instead of 10 per cent of the amount due at the time suit was filed.

It is provided in the mortgage sued on as follows:

"Said parties of the first part agree that in the event action is brought to foreclose this mortgage, a reasonable attorney's fee of not less than 10 per cent of the amount due shall be added, which this mortgage also secures."

The cases relied upon by plaintiff to sustain his contention are where the actions were brought on a balance due on a note or for some other reason are not applicable to the facts in this case, and none of them hold that the interest can be added to the principal up to the date of the trial and then add 10 per cent on the principal and interest as attorney's fees.

In Dunn v. Vaughan, 120 Okla. 240, 251 P. 472, we held:

"Where a promissory note provides that in case suit is brought on said note, there shall be ten per cent added as attorney's fees, it is error for the court to calculate the interest on the principal up to the date of the trial and add it to the principal and then add 10 per cent on the principal and interest as attorney's fees. . . ."

The mortgage in the case at bar provides not less than 10 per cent of the amount due as attorney's fees in case an action is brought to foreclose the same. We are of the opinion that the proper construction was to allow attorney's fee on the amount due at the time the action was filed, as determined by the trial court.

Plaintiff next argues that the court erred in refusing to permit him to amend his petition to allege that the indebtedness sued on bore interest from maturity at 10 per cent per annum rather than at 7 per cent as he had alleged.

Under 12 O. S. 1941 § 317 amendments to pleadings may be made in the furtherance of justice where they do not substantially change the claim or defense. But the allowance of such amendments is not a matter of absolute right, but rests within the sound judicial discretion of the trial court (Sabin v. Levorsen, 193 Okla. 320, 145 P. 2d 402; Crabtree v. Standard Savings & Loan Ass'n, 187 Okla. 189, 102 P. 2d 127), and in the absence of abuse of discretion, rulings of the trial court permitting or refusing such amendments will not be disturbed on appeal. Townsend v. Townsend, 174 Okla. 185, 50 P. 2d 147; Donnelly v. Atkins, 130 Okla. 33, 264 P. 911; Mitchell v. Hines, 101 Okla. 38, 223 P. 182.

In this case plaintiff prayed for the balance due with interest at 7 per cent per annum. The mandate in the first appeal directed the trial court to enter judgment for plaintiff for "the amount claimed in his petition with interest . . . as therein prayed." Thereafter plaintiff's attorney prepared the journal entry of judgment wherein the interest was computed at 7 per cent. And it was not until some two months later, after defendant sought to reduce the attorney's fee, that plaintiff contended that he was entitled to interest at the rate of 10 per cent per annum on the indebtedness after maturity. At the hearing, referring to this contention, plaintiff's attorney stated:

"We waived that right or thought we did in a way in our conversation, but since we are going to reopen the whole matter I think we should insist on it and we are insisting on it."

Had the amendment been permitted, the question of whether 10 per cent interest could be allowed under the mandate, and other legal questions, might well have arisen.

Under such circumstances, we are of the opinion that the trial court did not abuse its discretion in refusing to permit the amendment. Judgment affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, and DAVISON, JJ., concur.