In the Matter of CATHERINE HICKOX et al., Petitioners, against E. FLOYD GRIFFIN et al., Constituting the Board of Appeals of the Town of Oyster Bay, et al., Respondents.— This is a proceeding, under article 78 of the Civil Practice Act, to review the determination of the Zoning Board of Appeals of the Town of Oyster Bay, which granted a variance to permit respondent Long Island University to use certain land in a Residence A district as and for a university with usual campus facilities, Special Term having transferred the proceeding to this court. Petitioner Davis died before the argument of the appeal in this court. The executor of her estate does not wish to be substituted and has stated that he has no interest in the case. Under these circumstances, the proceeding, insofar as petitioner Davis is concerned, is severed, and the determination of the zoning board of appeals is confirmed with respect to petitioners Hickox and Youngs only, without costs. Long Island University, the equitable owner of the property, is a party aggrieved and, as such, it is entitled to make the application for a variance of the zoning ordinance. (Town Law, § 267.) If not, the university should be deemed to have applied as the agent and with the consent of the holder of the legal title. The board had original jurisdiction to entertain the application for a variance. (*Matter of Donegan* v. *Griffin*, 270 App. Div. 937; Town of Oyster Bay Building Zone Ordinance of 1929, § 18, subds. A, B.) Where the board grants a variance, the question of power only is to be considered. (*Matter of Reed* v. *Bd. of Standards & Appeals*, 255 N. Y. 126, 136.) The court will not interfere with the exercise of judgment by the board where the record discloses a basis for the exercise of judgment. (*Matter of Levy* v. *Bd. of Standards & Appeals*, 267 N. Y. 347.) The court will not substitute its judgment for that of the board, and the judgment of the board may not be set aside unless it clearly appears to be arbitrary or contrary to law. (*People ex rel. Hudson-Harlem Co.* v. *Walker*, 282 N. Y. 400, 405.) The proof in this record is sufficient to give the board power to grant the variance and to show that there was scope for the exercise of such judgment within the requirements of *Matter of Otto* v. *Steinhilber* (282 N. Y. 71), particularly when it is considered that the board may act, not only on evidence before it, but from its own knowledge without the aid of witnesses. (*People ex rel. Fordham Manor Reformed Church* v. *Walsh*, 244 N. Y. 280.) This court must judge the propriety of the action of the board solely by the grounds invoked by it and we may not now determine whether the proposed use would be conforming or whether the board may have authorized the proposed use as a special exception. (*Matter of Muller* v. *Zoning Bd. of Appeals of Town of Ramapo*, 272 App. Div. 1074; *Securities & Exch. Comm.* v. *Chenery Corp.*, 332 U. S. 194, 196.) Johnston, Adel and Sneed, JJ., concur; Lewis, P. J., dissents and votes to annul the determination and to deny the application, with the following memorandum: The claim of unnecessary hardship as a ground for a variance is not available to respondent university, which has merely a conditional contract to purchase the property and had knowledge of the existence of the zoning regulations. Wenzel, J., dissents and votes to annul the determination and to deny the application, with the following memorandum: Respondent board of appeals did have original jurisdiction to grant the application for the variance in the light of the reference to it of such applications by the town ordinance. (Town Law, § 267; Town of Oyster Bay Building Zone Ordinance of 1929, § 18; cf. *Matter of Sanders* v. *Davidson*, 258 App. Div. 1058, affd. 284 N. Y. 780.) However, the plight of the owners of the property involved is not unique and is due to the fact that rural estates and large mansions generally are things of a past era. This was, in effect, stated as a finding by the board of appeals in its decision. There is no evidence in the record purporting to show

that that is not a general condition in the neighborhood, which may reflect the unreasonableness of the zoning ordinance itself. On the contrary, there is evidence that four other estates have not been sold, although on the market from two to eight years, up to the time of the hearing before the board. Further, the advent of hundreds of students in the midst of this area of country estates, and of "usual campus facilities" without circumscription, in my opinion would necessarily alter the essential character of the locality. Unnecessary hardship has not been shown and the grant of the variance was improper. (See *Matter of Otto* v. *Steinhilber*, 282 N. Y. 71.)