Application of SHADID.

No. 34190.   Dec. 11, 1951.

*238 P. 2d 794.*

Twyford, Smith & Crowe, Oklahoma City, for plaintiff in error.

McClelland, Kneeland, Bailey & McClelland, Oklahoma City, for defendant in error.

GIBSON, J.  H. S. Shadid, as owner of lots 153 and 155 in West Lawn Park Addition to Oklahoma City, filed his application with the city building superintendent for a permit to enlarge the present building on said lots.  From a denial of a permit an appeal was taken to the adjustment board where the permit was again denied, and a further appeal was taken to the district court of Oklahoma county.  After a trial de novo the application for a permit was denied and from that judgment this appeal has been perfected.

There is a brick building 72 by 40 feet on one end of the property which had been used as a grocery and a drug store for a number of years prior to the passage of Zoning Ordinance by the city.  Applicant had so used it for five years before the trial of the case. His application was to build a similar brick building 55 by 40 feet, as an addition, at a cost of approximately $10,000. This proposed building site was within the residence zone provided in the ordinance and would require the removal of a single family residence now on the site, which residence use is in conformity with the zoning ordinance requirements for that area.  In other words, applicant seeks to convert the use of his land which is in an exclusive residence zone to a business use by erecting a brick building adaptable and intended for business use, in nonconformity with the ordinance.  He describes the proposed building as an enlargement of an existing business building, and says that his is not an appli-

cation for a nonconforming use permit where no business has previously existed.

Applicant makes no attack on the validity of the ordinance but says that a variance or exception under the ordinance should be granted to him. Therefore, we need not consider numerous cases cited by protestants as to the constitutionality of the ordinance or the right to restrict or limit nonconformity uses thereunder.

In his brief the applicant relies on a single proposition, contending that the judgment of the trial court, under the undisputed evidence, is contrary to law.

It is said that applicant is in the grocery business; that the property had no restrictions in the dedication; that it had been used as a grocery for 12 to 14 years, and was so used before the zoning ordinance was passed; that he owns adjoining property and desires to enlarge his present building. He states that the permit is sought as an exception recognized in the zoning ordinance.

In answer the defendants in error, as protestants to the granting of the permit, say:

"The provision of the Zoning Ordinance of the City of Oklahoma City prohibiting the extension or enlargement of non-conforming uses applies to the request of an owner for a building permit to allow him to destroy or remove a residence building and to build in lieu thereof a business building covering the entire residence lot, to be attached to and used as an extension or enlargement of his grocery store building next door, and an order denying such a permit will not be disturbed on appeal, the owner not having brought himself within the rules heretofore announced for authorizing a special exception or variance from the strict application of the provisions of the Ordinance."

Applicant in support of his contentions places great reliance upon our decision in Royal Baking Co. v. Oklahoma City, 182 Okla. 45, 75 P. 2d 1105, and the numerous cases therein cited. That case is not controlling here. It dealt with the application of a different ordinance adopted more than 20 years prior to the one now under consideration. In that case there was no question of converting a residence use of property to a business use, nor of extending a nonconforming area. The use of the property was the same as that of years prior to the adoption of the ordinance. The owner was not seeking a permit to erect a building or to change the use. The baking company was repairing more vehicles than before and the action was one for injunctive relief against the owner. Moreover, the record of that case revealed that the zoning of the property surrounding the bakery had completely broken down as a zoning for residential use, until it was no longer suitable as a residential district. That situation was the crux of the Baking Company case and we quoted from Nashville C. & St. L. Ry. Co. v. Baker, 167 Tenn. 470, 71 S. W. 2d 678, as follows:

"In some instances municipal ordinances have been held unenforceable, maybe void, upon a showing that changed conditions render them unreasonable or inapplicable under particular circumstances or a given situation."

There was no such showing of changed conditions in the case before us. In fact, the evidence reveals that the trend is towards further development of the area in the vicinity of the grocery store for residential use. Property owners in the vicinity testified that an expansion of the business area would result in decreased property values of residences in the area.

Applicant also cites Magnolia Petroleum Co. v. City of Tonkawa, 189 Okla. 125, 114 P. 2d 474, wherein we said:

"An application for a permit to build additional structure which is needed to take care of natural expansion of a business lawfully in existence in a zoned area for business, leaves nothing to the discretion of officers charged with the duty of issuing permits to build, where it is clearly shown that

provisions of ordinances relating thereto have been complied with."

The Magnolia case is clearly distinguishable and is not applicable here. Under the ordinance before us the nonconforming use of applicant's property was limited to the property occupied by the grocery store. The remainder of the property was devoted to residential use, upon which stood a small residence that for years had been rented as a residence. Here the proposed expansion of applicant's building can only be done by removing the residence and erecting a building for a nonconforming use. Thus instead of clearly showing that the provisions of the city ordinance relating thereto have been complied with, as held in the Magnolia case, it is shown that the proposed use is in violation of the ordinance. In the Magnolia case there was no question of enlarging a nonconforming use in violation of an ordinance.

In Rehfeld v. City and County of San Francisco, 218 Cal. 83, 21 P. 2d 419, the California court had under consideration a case very similar to the case before us, with the exception that only vacant property was involved and it was not necessary to remove a residence building for the proposed expansion of a grocery store. Therein the California court said:

"We have in this case an admittedly valid zoning ordinance, and a nonconforming use which has been permitted to remain under the provisions of the ordinance. Upon what logic may that permission be transformed into a right to obtain more than the ordinance gives? No one in the district may build a new store, and it would be an unwarranted discrimination in favor of plaintiffs to permit them to enlarge their existing store in this residential district. . . ."

"Before the Board of Adjustment has authority to make an exception to, or allow a variance from, the zoning ordinance of Oklahoma City, the person claiming the exception or variance has the burden of showing (a) that the granting of the permit will not be contrary to the public interest, (b) that the literal enforcement of the ordinance will result in unnecessary hardship, (c) that by granting the permit contrary to the provisions of the ordinance, the spirit of the ordinance will be observed, and (d) that by granting the permit, substantial justice will be done." Thompson v. Phillips Petroleum Co., 194 Okla. 77, 147 P. 2d 451.

We do not believe that applicant has met the above requirements.

At its hearing the board of adjustment found that the application for permit should be denied for the reasons that: its grant would create an increased traffic hazard; that seven blocks to the south there is a large neighborhood shopping center adequate to serve the neighborhood and hence no need for increasing the commercial use of applicant's property; that to permit the increase of spot zoning theretofore existing would materially reduce the value of property in the neighborhood; and that applicant's present building contains space which could be used if additional space is needed for his business and hence no undue hardship will result from the denial of the application.

There was evidence to support these findings.

The district court after a trial de novo denied the application.

"The presumption in favor of the correctness of the determination arrived at by the board of adjustment of Oklahoma City in refusing to issue a permit for a proposed drilling block, when such determination has in effect been affirmed by the district court on appeal, should be given great weight; and the discretion exercised should not be interfered with unless arbitrary or clearly erroneous." Thompson v. Phillips Petroleum Co., supra.

We have examined this record and hold that the judgment of the trial court is supported by the record and is not clearly against the weight of the evidence. The discretion exercised by

the trial court was not arbitrary and we find no reversible error in the record.

Affirmed.

ARNOLD, C. J., HALLEY, V. C. J., and WELCH, CORN, DAVISON, JOHNSON, and BINGAMAN, JJ., concur. O'NEAL, J., dissents.