BOARD OF ADJUSTMENT OF CITY OF TULSA v. SHORE.

No. 35225.    Nov. 5, 1952.

*249 P. 2d 1011.*

A. M. Widdows and Edmund Lashley, Tulsa, for plaintiff in error.

Pat Malloy, Tulsa, for defendant in error.

O'NEAL, J. Sol Shore, who will be referred to as appellant, filed with the board of adjustment of the city of Tulsa, Oklahoma, an application for a permit to extend his present building a distance of 12 x 5¾ feet. The 12-foot extension would run west of the present front door entrance to the building, and then 5¾ feet south of the front line of said building. The board of adjustment of the city of Tulsa refused to issue a building permit and appellant appealed to the district court where a trial was had de novo. Sol Shore will be referred to as "appellant" and the board of adjustment of the city of Tulsa as the "board."

Appellant constructed the original building upon the east 30 feet of lot 3, in block 27 in Park Place addition to the city of Tulsa, designated as 1649 East 21st street, approximately ten years prior to the filing of the present application here involved. Approximately five years thereafter, appellant filed an application with the board for a permit to construct an abutment over the set back line. This construction extended approximately 5¾ feet south of the south line of said building, but did not run across the entire front thereof. The present application filed April 11, 1951, if granted, would permit a similar extension and would give the building a square front. Appellant desired the additional space for the purpose of conducting his cafe business therein. Three members of the board were members thereof when the 1945 permit was granted to appellant for the construction above referred to. One of the conditions of granting that permit was that appellant should enter into a contract with the city of Tulsa, and execute a performance bond; that appellant, at his sole cost and expense, would remove all that portion of the building extending beyond the set back line should the city of Tulsa decide to widen the street in front of said property. The contract and performance bond, either by neglect or inadvertence, was not filed. There is no proof that the board made any demand on appellant to furnish the same prior to the present hearing. The board heard appellant's application for a building permit on the 11th day of April, 1951, and thereupon entered the following order:

"Sol Shore requests permission for waiver of setback requirements for Major Street to permit the erection of an addition to an existing building to be used as an ice cream stand at 1649 East 21st St., being the East 30' of Lot 3, Block 27, Park Place Addition. Moved by Arnold (Lashley) that application be denied for lack of jurisdiction, account failure of applicant to show 'practical difficulty or unnecessary hardship' as required by Section 24."

Appellant thereupon filed with the board his written notice of appeal and thereafter filed a transcript of the proceedings had before the board in the district court where a trial was had de novo. The trial court vacated the order of the board denying appellant an exception to the set back requirements for a major street to permit the erection of an addition to an existing building upon the property described in appellant's application. The board challenges the court's jurisdiction to hear and decide the case on the ground that appellant's notice of appeal did not comply with certain provisions of an ordinance of the city of Tulsa. The ordinance is not set forth in the record, but from respective briefs of counsel it is shown that, under section 30 of Title 32 of Tulsa Revised Ordinances (1945), the ordinance does not require appellant to specify the grounds of appeal in the notice of appeal. It further, however, appears that shortly before the hearing before the board, section 30 of this ordinance was amended which would require notice of appeal from the board to the district court to specify the grounds for such appeal. The amendment of the ordinance brings it in line with the requirements of 11 O.S. 1951 §408, which in part provides:

"Such appeal shall be taken within such time as is fixed by ordinance of

the municipality by filing with the officer from whom the Appeal is taken and with the Board of Adjustment a notice of appeal specifying the grounds thereof."

The original notice of appeal was taken within the time provided by the ordinance but failed to specify the grounds of such appeal. After the appeal was lodged in the district court upon appellant's motion, he was permitted to amend the notice of appeal by adding the following words, "works practical difficulties and unnecessary hardship on appellant." In all other essentials the two notices are identical. The board contends that the court erred in permitting the amendment of the notice of appeal, and upon that ground urges that the case should be reversed.

Again referring to Tulsa Revised Ordinances (1945) Title 32, §24, "Major Street Widths," which provides:

"Where there are practical difficulties or unnecessary hardships in the strict application of the regulations, the Board of Adjustment may vary or moderate these requirements in such manner as to preserve the spirit and intent of the Major Street Plan."

The sole question before the board was whether appellant was entitled to an exception to the set back requirement contained in the ordinance, and whether relief should be granted appellant on the ground that the enforcement of the ordinance, under the established facts, "works practical difficulties and unnecessary hardships on the appellant." The board advances no argument that its substantial rights have been invaded by the amendment of the notice of appeal. It is not even contended that it was misled as to the specific grounds upon which appellant based his appeal. After the board, pursuant to notice of appeal, lodges the transcript of the proceedings before it with the district court, that court obtains jurisdiction in the matter and may make such orders as are provided for in the statutes covering civil procedure.

12 O.S. 1951 §317 provides as follows:

"The court, may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any party, or correcting a mistake in the name of the party, or a mistake in any other respect, or by inserting other allegations material to the case, or conform the pleading or proceeding to the facts proved, when such amendment does not change substantially the claim or defense; and when any proceeding fails to conform, in any respect, to the provisions of this code, the court may permit the same to be made conformable thereto by amendment."

Construing this section of the Code we held in Luke, Ex'r, v. Patterson, Ex'r, 196 Okla. 522, 164 P. 2d 394, that amendments under 12 O.S. 1941 §317 (now 12 O.S. 1951 § 317) are not matters of right, but rest in the sound judicial discretion of the trial court, and in the absence of abuse of discretion, rulings of trial court permitting or refusing such amendments will not be disturbed on appeal. We, therefore, held that there was no error in permitting the notice of appeal to be amended in the manner referred to.

The sole remaining question for our decision is whether the evidence supports the judgment rendered. The trial court entered a judgment: (a) That the board's order denying appellant the exception requested should be reversed; (b) that the exception should be granted on condition that appellant enter into a contract with the city of Tulsa to remove, without cost to said city of Tulsa, the existing building so far as it now extends beyond the major street set back line, and also the proposed addition of 5¾ feet at the city's demand if the street fronting the building is widened by the city; (c) that appellant give a performance bond in the sum of $1,200 to guarantee compliance with the contract; (d) that appellant serve his outdoor customers from the west side of said building only.

Appellant accepted the court's order and offered to comply therewith. The board excepted thereto and here asserts that the judgment is contrary to the evidence and the law.

The board produced one witness who testified that he occupied the position of planning director of the city of Tulsa; that 21st street from Riverside drive extends out through Harvard avenue, and could be used for traffic going to the county fairgrounds, the exposition building and the golf driving range, and that it is one of the streets leading to the ball park and it carries considerable traffic.

Appellant's testimony stands undenied that under a permit granted by the board in 1945, he constructed a 5¾ foot extension to a portion of the front of said building bringing the extension beyond the set back requirement of the ordinance. The present application, if granted, would extend the remainder of the frontage so as to square the building, but not to extend beyond the end of the present construction or be higher than the present building, and the frontage will be constructed with glass and the balance of the same construction as the original building. Appellant testified that in the immediate vicinity of his building there were located filling stations, drugstores, hotels and other business houses, and that no owner or occupant of these properties, or anyone else, objected to the permit being granted as prayed for.

Upon the conclusion of the evidence, the court made the following pronouncement:

"Here is what I think about this. You have let two people set on the same lot and you have let one of them come out like this: This one has never come out there. If you don't let him utilize that space when there is absolutely no reason not to, it seems to me,—anyway he is in a different position to the man next door because there may be many reasons why it would be an unnecessary hardship to not let him fill in,

because there isn't any necessity for the setback ordinance being in effect any more. You have already waived. They just want to make their building square. That is all they want to do. I have never held that that comes within the exceptions. In other words, I think if you let it stick out in front for five feet, you might just as well let him go clear across the building unless there is some special reason why they should not be allowed to and allowed just to stick out just on that one side."

We agree with the trial judge that to refuse the permit would result in an unnecessary hardship to appellant. The ordinance, supra, provides the board may vary or modify its requirements if its enforcement works an unnecessary hardship under a proven state of facts.

In Van Meter v. H. F. Wilcox Oil & Gas Co., 170 Okla. 604, 41 P. 2d 904, we said:

"The board of adjustment has the power and authority to decide and to authorize, in specific cases, special exceptions and variances from the terms of a zoning ordinance, when not contrary to the public interest, so long as the general intent, spirit and purpose of the ordinance is observed, in order that the literal enforcement of its provisions will not result in unnecessary hardship."

In re Appeal of Fred Jones Co. (City of Tulsa v. Fred Jones Co.), 203 Okla. 321, 220 P. 2d 245, this court held:

"Where the literal enforcement of an ordinance would result in unnecessary hardship, the board of adjustment, or the district court on appeal therefrom, may vary the application of such ordinance in a particular case, so that substantial justice may be done, in such manner and to such extent as will not be contrary to the public interest or the spirit of the ordinance."

We have uniformly held that where a case is tried without a jury and is of purely equitable cognizance, the same may not be reversed by the court un-

less the judgment is clearly against the weight of the evidence.

Judgment affirmed.

HALLEY, V. C. J., and WELCH, GIBSON, and BINGAMAN, JJ., concur.