BOARD OF ADJUSTMENT OF the CITY OF OKLAHOMA CITY; The City of Oklahoma City, a Municipal Corporation; Mr. J. H. Crawford and Mrs. J. H. Crawford, Plaintiffs in Error,

v.

Bill PUCKETT, Defendant in Error.

No. 38748.

Supreme Court of Oklahoma.

June 7, 1960.

A. L. Jeffrey, Municipal Counselor, Roy H. Semtner, Asst. Municipal Counselor, Oklahoma City, for Board of Adjustment of Oklahoma City.

John F. Eberle, Richard J. Spooner, Oklahoma City, for Mr. J. H. Crawford and Mrs. J. H. Crawford.

E. William Brown, Oklahoma City, for defendant in error.

BLACKBIRD, Justice.

This is an appeal from a district court judgment reversing an order of Oklahoma City's Board of Adjustment refusing Bill Puckett, the defendant in error herein, a permit to erect a car port on the west side of his house, which is located on a lot at the southwest corner of the intersection of Olie and Southwest Thirtieth Streets, in Oklahoma City. Puckett had first applied to said City's Building Superintendent for the permit, but said official denied his application because said residential property is located in what is, under said City's Zoning Ordinances, an "A" Single Family Dwelling District and, if the proposed car port was built there would not be five feet between it and the boundary between Puckett's lot and the premises adjoining it on the west, owned by Mr. and Mrs. John H. Crawford.

It was stipulated at the trial that Oklahoma City's Zoning Ordinance No. 5936 requires the 5-foot "side yard set back", or distance, between the proposed car

port and said boundary, or property line. Puckett's appeals, both from the Building Superintendent's decision to the Board of Adjustment, and from said Board's order to the District Court were predicated on the ground that, under the circumstances, a variance to said requirement of the Ordinance should be granted. In support of this contention, Puckett attempted, at the trial, to prove that he would suffer hardship by refusal of such variance. The Crawfords, who, with the Board of Adjustment, opposed Puckett's position, introduced evidence contemplated to show, among other things, that if he was granted the variance, the Crawfords' duplex property, next door, would be damaged.

The evidence showed, among other things, that Puckett had constructed a "driveway", or apron, of solid concrete, covering the entire distance between the west edge of his house and the boundary between the west side of his lot and the east side of the Crawfords' lot, which concrete slab extended back between the two houses to a redwood fence Puckett had constructed, extending east and west a few feet behind the large house facing north, in which he lived, and forming part of a boundary fence he had built between it and a smaller house on the back of the same lot, that he had converted into a rental residence. Permitting Puckett this variance to enable him to build a car port over the above described slab on the west side yard between his residence and the Crawfords' duplex, would obviate building a garage or port on the back of his said corner lot, with a driveway entering it from Olie Street, that would cover part of the yard he has provided around the "rent house", for the use of his tenants.

In its judgment reversing the Board of Adjustment's order, the trial court found that failure to grant Puckett permission to violate the zoning ordinance's "five (5) foot side yard setback" requirement, would cause him "undue hardship", and that granting him such permission "would not cause an undue hardship to the surrounding and adjacent property owners and would not create additional hazards which would relate to the public health, safety, comfort, morals, general welfare of the inhabitants of Oklahoma City * * *", provided the car port is built in the form and manner proposed, and that its construction be commenced within a year.

In the trial judge's oral remarks from the bench at the time he overruled the motion for a new trial, filed on behalf of the Crawfords and the City's Board of Adjustment, he revealed that the "hardship" Puckett would suffer, if not granted the permit, would be his inability to provide for his automobile a protective cover from the elements, over the hereinbefore described driveway, and prevent him from enjoying the full benefit of the substantial amount of money he had expended in building said driveway, and making other improvements on his property.

In their present appeal, plaintiffs in error contend that the result to Puckett of refusing to make of his property an exception or variance to the subject requirement of Ordinance No. 5936, supra—which result the trial court characterized as "hardship"—does not come within the comprehension of that term, because it was "self-created", citing McQuillin, Municipal Corporations, Vol. 8, sec. 25.167 and .168. They point out that had Puckett not changed the location of his driveway from the back of his lot opening onto Olie Street (as is the general pattern for most such corner lots) by building a new one on the west side of his house, so he could convert the back of his lot into rental property, then he would never have brought this so-called "hardship" on himself; and that he cannot use such device of creating his own hardship to obtain a variance to the zoning ordinances; and that, under such circumstances, the so-called "hardship" is the consequence of his own acts, rather than that of the ordinance's provisions.

We agree with plaintiffs in error's position. Defendant in error does not dispute the holding of Application of Shadid,

**6**

205 Okl. 462, 238 P.2d 794 (and other authorities cited by plaintiffs in error) that one seeking an exception, or variance, to a zoning ordinance must prove, among other things, as ground for granting it, that the ordinance's literal enforcement will result in unnecessary hardship to him; but they rely upon the oral remarks of the trial judge at the time he overruled the aforementioned motion for a new trial, as showing that the required "hardship" was established in this case. Assuming, without deciding, that these remarks made, *after* entry of the judgment, rather than previous thereto, may be used to support it (or for any other purpose), we think that, on their face, they fail to accomplish such purpose. In respect to "hardship", they simply deal with defendant in error's situation, *after* he created it himself, and do not appear to take into consideration the fact that had he not already executed the major part of his plans for developing the property, he would be faced with no hardship (by reason of expenditures already made) in not being allowed to carry them out. We recognize the well-established rule plaintiffs in error contend for in In re Pierce's Appeal, Okl., 347 P.2d 790, 791. The basic premise of the syllabus in that case is:

"Generally, a hardship created by an owner of premises constitutes no valid basis for his application for a variance of, or exception to, zoning ordinances applicable to the premises."

In the body of the opinion in that case, we said:

"To allow a property owner to circumvent, or obtain an exception to, zoning ordinances by putting himself in a position (through his own acts and those of his agent or servant) wherein their enforcement will have a harsh, or detrimental, effect on him would practically emasculate such ordinances and make of their attempted enforcement a mere mockery."

■ In view of the uncontradicted fact that any detriment or loss defendant in error will suffer by not being granted a permit to build the car port, as an exception or variance to Ordinance No. 5936, supra, is the creature of his own voluntary acts; and, in view of the further fact that a showing of such detriment is not sufficient to fulfill one of the necessary requirements for obtaining such an exception or variance, we hold that the evidence did not entitle Puckett to such relief. The trial court therefore erred in granting it, by the judgment appealed from. Said judgment is therefore reversed.

WILLIAMS, V. C. J., and HALLEY, JACKSON and IRWIN, JJ., concur.

DAVISON, C. J., and WELCH and JOHNSON, JJ., dissent.