The BOARD OF ADJUSTMENT OF OKLAHOMA CITY, Lee V. Sneed and Lee V. Sneed, Jr., Plaintiffs in Error,

v.

Farris SHANBOUR, Defendant in Error.

No. 41046.

Supreme Court of Oklahoma.

Sept. 19, 1967.

Rehearing Denied Jan. 16, 1968.

Roy H. Semtner, Oklahoma City, for plaintiff in error, Board of Adjustment of Oklahoma City.

Merson, Campbell & Merson, Oklahoma City, Herman Merson, Oklahoma City, of counsel, for plaintiffs in error, Lee V. Sneed and Lee V. Sneed, Jr.

Charles A. Shadid, Barry Albert, Oklahoma City, for defendant in error.

WILLIAMS, Justice.

This is an appeal from a district court judgment reversing an order of Oklahoma City's Board of Adjustment refusing Farris Shanbour, defendant in error herein (hereinafter referred to as Shanbour), a permit to construct a drive-in movie theater on a tract of land located in the 6900 block· of South Western Avenue, Oklahoma City.

The property in question is an L-shaped tract consisting of approximately six or eight acres and fronting upon Western Avenue for 180 feet and extending eastward from Western Avenue for a distance of 1320 feet. The west 200 feet of this tract, i. e., that side of the tract abutting Western Avenue, is zoned in an "E." Local Commercial District, and the remainder of the tract is zoned in an "A" Single Family Dwelling District. The tract is owned by two brothers, neither of whom have, at any time, been actual parties to this litigation.

Desiring to construct and operate a drive-in movie theater upon the tract, Shanbour obtained an option from the owners to lease approximately six acres, this lease being contingent upon Shanbour's success in obtaining a variance from the existing zoning ordinances and the required special permit allowing the proposed use.

Shanbour first applied to Oklahoma City's Building Superintendent for the special permit, but such official denied his application on the ground that the proposed use was not permitted under the zoning ordinance applicable to the tract.

On appeal, the Board of Adjustment, in its previously mentioned order denying the special permit, found that the zoning dis-

tricts in which the tract was located "* * would not cause any undue hardships upon the applicant; that there is no exceptional topographical condition or other extraordinary or exceptional situation which is not prevalent in the neighborhood, and that the applicant will not suffer any practical difficulties or exceptional or undue hardships in the denying of the permit."

On appeal to the district court, Charles A. Shadid, one of the owners of the tract involved herein, testified on behalf of Shanbour to the effect that a hill or rise is located in the center of the tract, and from this point the terrain sloped to the east; that the eastern side of the tract is considerably lower than the middle and western side of the tract and forms a basin in which surface drainage is trapped; that Lightning Creek, located along the eastern boundary of the tract, occasionally floods onto this tract; that the properties to the north and to the south of this tract are mainly used for agricultural purposes; that the property located to the east is being developed for residential purposes, but is higher and not subject to flooding from Lightning Creek; that a sewer line is located along Western Avenue, but because of the lowness of the tract, particularly along its eastern side, it would be difficult to run a sewer line into this tract; that, because of the tract's tendency to flood along the eastern boundary and of the difficulty of installing a sewer line, he had been unable to develop the tract for residential purposes; that the tract's tendency to flood would not substantially affect the operation of a drive-in theater; and, that Lightning Creek, along which are located high trees, would act as a natural barrier and sound screen between this tract and the residential property to the east.

A Mrs. Hazel Scott, a developer and real estate agent handling property in the area of Oklahoma City in which the tract involved is located, testified, in brief summary, that the west bank of Lightning Creek along this tract is lower than the east bank of such creek along the adjoin-

ing property, making this tract more subject to flooding; that because of the enormous costs involved in correcting the surface drainage and flooding on this tract and in providing paving, utilities, bridges and roads to meet specifications of the Federal Housing Administration, it would be economically impossible to develop the tract for residential purposes; that the operation of a drive-in theater on this tract would not decrease the value of surrounding property for residential use; and, that, in her opinion, the highest and best use for which this tract is suitable is a drive-in theater.

Shanbour introduced other evidence relative to the construction of the theater in an attempt to establish that noise would be kept to a minimum and that the theater would not depreciate the value of the surrounding property. At least one nearby property owner testified that he had no objection to the construction and operation of the theater.

The Board of Adjustment and Lee V. Sneed and Lee V. Sneed Jr., the latter two of whom, as owners of property adjacent to the tract, were allowed by the district court to intervene, offered testimony of P. B. Odom, an engineer and developer, to the effect that he was familiar with the residential development along Lightning Creek in this area and was presently developing an area located on Lightning Creek to the south of the tract herein; that the west bank of Lightning Creek is similar in elevation and terrain to the east bank of such creek; that residential homes have been built along the east bank; that there would be no more problems involved in developing the tract herein than were involved in developing the adjoining property lying on the east bank of Lightning Creek; that the installation of sewer lines and bridges would be relatively inexpensive; that the rough terrain and its location along a creek would make the tract highly desirable for a residential development; that, the operation of a drive-in theater on the tract would depreciate the value of the surrounding property; and that, in his

opinion, the highest and best use for the tract was residential.

Other testimony, mainly that of adjoining and nearby property owners, was introduced to the effect that the elevation and terrain of this tract was similar to that of the adjoining property to the east and across the creek, presently being developed for residential purposes; that Lightning Creek, to their knowledge, had not flooded the tract in a number of years; and, that the theater, in their opinion, would be a nuisance and depreciate the surrounding property.

At the conclusion of the trial de novo, the district court reversed the Board of Adjustment and granted Shanbour's application for a variance from the strict terms of the zoning ordinances applicable to the tract of land. However, the court did place the following conditions upon the granting of the variance:

"1. That the drive-in theater is to be constructed in compliance with the plans on file herein and introduced into evidence in this cause.

"2. That the drive-in theater drives will be hard surfaced,

"3. That the drive-in theater will not be operated for business after the hour of twelve midnight daily."

From this judgment and an order overruling motions for new trial, the Board of Adjustment of the City of Oklahoma City, Lee V. Sneed and Lee V. Sneed Jr., hereinafter referred to as plaintiffs in error, appealed.

In the first proposition for reversal, it is contended that "(T)he District Court had no authority to grant a variance to the zoning ordinances and that the granting of such variance is contrary to law, contrary to the evidence, is discriminatory, and a violation of the purpose and intent of the zoning ordinances."

In a case appealed from a board of adjustment to it, the district court tries such case de novo and the scope of inquiry is the same as below. Oklahoma City v. Harris, 191 Okl. 125, 126 P.2d 988. The powers of a board of adjustment are set forth in 11 O.S.1961, § 407, which provides, in pertinent part, as follows:

"Such local legislative body may provide for the appointment of a Board of Adjustment, and in the regulations and restrictions adopted pursuant to the authority of this Act may provide that the said Board of Adjustment may, in appropriate cases and subject to appropriate conditions and safeguards, make special exceptions to the terms of the ordinance in harmony with its general purpose and intent and in accordance with general or specific rules therein contained."

\* \* \* \* \* \*

"The Board of Adjustment shall have the following powers:

\* \* \* \* \* \*

"(3) To authorize upon appeal in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where owing to special conditions a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done."

In Thompson v. Phillips Petroleum Co., 194 Okl. 77, 147 P.2d 451, we stated:

"In Anderson-Kerr v. Van Meter, 162 Okl. 176, 19 P.2d 1068, this court laid down the rule that before the board of adjustment may make an exception or authorize a variance from the ordinance under this provision of the ordinance, and under 11 O.S.1941 § 407, four requirements must be met, (a) that the granting of such permit will not be contrary to the public interest; (b) that the literal enforcement of the provisions of the ordinance will result in unnecessary hardships; (c) that by granting the permit contrary to the provisions of the ordinance, the spirit of the ordinance will be-

observed; and (d) that by the granting of the permit substantial justice will be done."

We again approved the above set forth requirements in Application of Shadid, 205 Okl. 462, 238 P.2d 794.

■ Although the district court made no separate written special findings of fact and conclusions of law, its judgment is to be interpreted as including a special finding that Shanbour met the four requirements necessary for the granting of a variance. Hitt v. Hitt, Okl., 258 P.2d 599. Assuming, as do the parties, that the action from which this appeal was taken is one equitable in nature, the judgment of the district court will not be reversed unless clearly against the weight of the evidence. Board of Adjustment of City of Tulsa v. Shore, 207 Okl. 381, 249 P.2d 1011; Application of Shadid, supra; Anderson-Kerr v. Van Meter, 162 Okl. 176, 19 P.2d 1068.

Plaintiffs in error contend under both their propositions one and four, that the evidence below does not establish that the zoning ordinances applicable to the involved tract create an unnecessary hardship, and, further, that the granting of the variance is contrary to the public interest.

In Van Meter v. H. F. Wilcox Oil & Gas Co., 170 Okl. 604, 41 P.2d 904, 910, we quoted with approval the following expression from Heffernan v. Zoning Board of Review, 50 R.I. 26, 144 A. 674, 676. The Rhode Island Court there said:

" * * * The expressions 'contrary to the public interest' and 'unnecessary hardship' must be given a reasonable interpretation. As the provisions of the ordinance represent a declaration of public interest, any variance would in some measure be contrary thereto. In this connection, the words 'contrary to the public interest' should be interpreted to mean what in the judgment of a reasonable man would unduly, and in a marked degree, conflict with the ordinance provisions. As to the words 'unnecessary hardship' it may be said that each of the restrictions of the ordinance upon what would otherwise be a lawful use of one's property might be termed a 'hardship' to the owner. We regard the term 'hardship,' as used in the ordinance, to have some reference to the degree of the interference with ordinary legal property rights, and to the loss or hardship which would arise therefrom. We think the expression should be interpreted to refer to a 'hardship' peculiar to the situation of the applicant, which is of such a degree of severity that its imposition is not necessary to carry out the spirit of the ordinance, and amounts to a substantial and unnecessary injustice to the applicant."

In the above opinion, we further noted that financial gain or loss has no bearing on whether an unnecessary hardship has been established.

In the action herein, although there is evidence to the contrary, ample evidence was presented that the tract in question, unlike adjoining property, was lower and subject to flooding; that it had a high hill to the west; that, as a practical matter, it would be economically impractical to correct such flooding and develop the tract for residential purposes; that the possibility of flooding would not hinder the operation of a drive-in theater on such tract; that the highest and best use of such tract was for the operation of a drive-in theater; that because of the natural barrier of Lightning Creek and the manner in which the theater was to be constructed, the operation of such theater would not be a nuisance to adjoining property; and, that the construction and operation of such theater would not depreciate the value of adjoining property.

■ We have carefully reviewed the above as well as all the evidence contained in the record before us, and, keeping in mind the four requirements which must be

met for the granting of a variance, Thompson v. Phillips Petroleum Co., supra, it is our opinion that the judgment of the district court is not clearly against the weight of the evidence submitted.

Plaintiffs in error also contend that as the property herein was placed in the zoning district prior to the purchase by the present owners of such property and prior to the obtaining by Shanbour of an option to lease such property, the hardship is self-imposed and as such is no basis for the granting of a variance. As support for their contention, plaintiffs in error cite In re Pierce's Appeal, Okl., 347 P.2d 790, and Board of Adjustment of City of Oklahoma City v. Puckett, Okl., 353 P.2d 4.

In both of the last cited cases, the alleged hardship was not caused solely by the operation of the zoning ordinance upon the particular property; rather the peculiar circumstance, i. e., the alleged hardship which rendered the property incapable of being used in accordance with restrictions contained in the applicable zoning ordinance, was caused or created by the acts or omissions of the property owner or his agent. This type of self-imposed hardship is recognized in most all jurisdictions. 2 Rathkopf, The Law of Zoning and Planning (3rd Ed.) Ch. 48, § 1.

Although New York and several other states hold that purchase of property with knowledge, actual or presumed, of restrictions contained in zoning ordinances prohibits the purchaser from seeking any variance from such restrictions, it is our opinion that the better rule and the one followed in a number of jurisdictions, is that such purchase does not prohibit the granting of a variance. See 2 Rathkopf, supra, § 2, and cases cited therein. In our view, were we to hold that such a purchase was a self-imposed hardship, an undue restriction would be placed upon a purchaser, who, although he was able to show that the operation of the zoning ordinance upon the

property did create an unnecessary hardship, would be barred from seeking relief.

In their second proposition for reversal, plaintiffs in error contend that as Shanbour merely has an option to lease, which option is contingent upon the procuring of a variance to the zoning restrictions, he "is not the real party in interest and cannot complain of a hardship ensuing from a denial of the desired grants." To support their contention, plaintiffs in error cite Lee v. Board of Adjustment, 226 N.C. 107, 37 S.E. 2d 128, 168 A.L.R. 1, and Minney v. City of Azusa, 164 Cal.App.2d 12, 330 P.2d 255.

Under the circumstances present in the action herein, we can not agree with the above contention. One of the owners of the tract, Charles A. Shadid, testified below concerning the alleged hardship applicable to the property. This participation by one of such owners as a witness establishes that Shanbour brought this action seeking a variance with the consent of the holder of the legal title. In our opinion, this consent is sufficient to allow Shanbour to seek the variance in his name without the owners of the tract being actual parties. Colony Park, Inc., v. Malone, 25 Misc.2d 1072, 205 N.Y.S.2d 166; Hickox v. Griffin, 274 App. Div. 792, 79 N.Y.S.2d 193; Arant v. Board of Adjustment of City of Montgomery, 271 Ala. 60, 126 So.2d 100, 89 A.L.R.2d 652; Carson v. Board of Appeals of Lexington, 321 Mass. 649, 75 N.E.2d 116; 2 Rathkopf, Supra, Ch. 40, § 1; Ann., 89 A. L.R.2d 663, 667.

Lastly, plaintiffs in error contend that previous litigation initiated by Shanbour and concerning the construction of a drive-in theater on the property involved herein, which litigation culminated in our decision in Shanbour v. Oklahoma City, Okl., 422 P.2d 444, acts as a bar to the present proceedings. In the cited decision, Shanbour had first applied to the City Planning Commission of Oklahoma City for a special permit to construct the same proposed drive-in theater in question herein.

Such planning commission purported to "recommend" to the CITY COUNCIL of Oklahoma City that the permit be granted but the CITY COUNCIL denied the application. Shanbour thereupon filed an action in district court seeking a writ of mandamus compelling the City of Oklahoma City to issue the special permit. The district court denied the writ of mandamus and this Court, on appeal, affirmed such denial. From the record and our decision in the cited case, it is clear that the issue before the district court and this Court on appeal was whether, under the facts present, the purported recommendation of the planning commission was binding upon the City Council. We held that it was not.

In the instant case, the question before the board of adjustment, the district court, and this Court on appeal, is whether Shanbour was entitled under the provisions of 11 O.S.1961, § 407 to a variance from the strict terms of the applicable zoning ordinances. This question was not involved in the previous litigation, and in our opinion, the present action is not barred by such litigation

The judgment of the district court is affirmed.

IRWIN, V. C. J., and BLACKBIRD, BERRY, HODGES and LAVENDER, JJ., concur.

JACKSON, C. J., and DAVISON and McINERNEY, JJ., dissent.

DAVISON, Justice (dissenting).

I dissent to that part of the majority opinion sustaining a variance for the reason that in my view the facts do not meet the necessary requirements for a variance as set forth in the case of Application of Shadid, 205 Okl. 462, 238 P.2d 794.

I am authorized to state that JACKSON, C. J., and McINERNEY, J., concur in the dissenting view hereinabove set forth.