Fred J. Munder, J.
The petitioner herein seeks an order annulling the decision of the respondent, Zoning Board of Appeals of the Incorporated Village of Massapeqna Park, which affirmed the denial of the respondent Alvin Zimmer, Chief Building Inspector of said village, of a building permit on parcel of land situated on the northeast corner of Park Boulevard and Von Huenfeld Street, Massapeqna Park, New York.
The Zoning Ordinance of the Village of Massapequa Park was originally enacted in 1931. That ordinance provided that in a Residence “A” District a one-family dwelling was permitted on a parcel having a minimum frontage of 40 feet and a minimum area of 4,000 square feet. The property in question which has been in single and separate ownership since 1935, has *544 a frontage of 40 feet and an area of slightly more than 4,000 square feet.
In 1937 the ordinance was amended by increasing the required frontage to 60 feet and the area to 6,000 square feet. It provided, however, an exception as of right as to any 40-foot lot ‘ ‘ in separate ownership at the time of the passage of this ordinance ” and a special exception for smaller plots in special circumstances to be granted by the Board of Appeals. We are not here concerned with the latter. Then on January 26, 1959 the Village Board, purportedly following a decision of the Appellate Division (Matter of Vit-Al Bldg. Corp. v. Eccleston, 7A D 2d 737) which the board construed as giving it the power to eliminate these exceptions by legislation, adopted an amendment to the ordinance deleting the two provisions of the 1937 amendments.
An additional incident is that the parcel in question is a corner plot. The 1937 amendment provided as to such plots that the setback on both front and side streets should be 25 feet except that where more than 25% of the frontage is improved the setback should be in alignment with the existing buildings but in no event less than .10 feet. A 1958 amendment requires a 25-foot setback regardless of the existing buildings. There apparently were no setback requirements in the original ordinance for none is mentioned in the respondents ’ answer and return.
As to the petitioner’s application, he provided for a 26-foot setback, to match that existing on the front street, but with a 40-foot plot the side street setback is only 10 feet which does violence to the 25-foot setback of every other house on that street. No one suggests how the petitioner can, as a practical matter, build a residence on a 40-foot plot with a 25-foot side street setback and a 6-foot side yard. This would be a dwelling with a 9-foot outside width.
It is obvious then that the burden of the village is to sustain its position that as. to plots smaller than 6,000 square feet and/or of less than 60-foot frontage in separate and single ownership before its amendment it may refuse an exception and deny a variance. Its refusal on the side yard or side street requirements alone would be impractical, arbitrary and confiscatory.
The respondents urge in defense of their decision herein (1) that the petitioner is merely a contract vendee and therefore the denial poses no hardship; (2) that the respondents’ action was discretionary and an abuse of discretion must be shown; (3) that a decision of the Appellate Division is the basis of the amendments of 1959; and (4) that the petitioner has not shown *545 wherein the action of the respondents is arbitrary and capricious.
. The first point is untenable. A contract vendee, being the equitable owner of the property, is a party aggrieved and, as such, is entitled to make an application for a variance. (Hickox v. Griffin, 274 App. Div. 792.)
On the third point, the board’s construction of the decision in Vit-Al Bldg. Corp. v. Eccleston (supra) is, I believe, ill-founded. The Village Board may not by the simple expedient of deleting the specified exceptions of the ordinance destroy the vested rights of the property owner. Despite the provisions of the ordinance his land may not be taken from him, directly or indirectly, without fair compensation. (Dowsey v. Village of Kensington, 257 N. Y. 221.) If there are practical difficulties created by the ordinance or the strict application of the ordinance produces unnecessary hardship in respect to any parcel singly and separately' owned which were not created by the owner, he is entitled under the law to relief.
It may be that the time for an owner to act in respect to a nonconforming parcel may be limited by the ordinance itself and the owner’s right to variance may thus be cut off, but there is no such provision in this ordinance.
I conclude that the petitioner’s application should have been granted as a matter of right, the only discretion residing in the respondents being to require such safeguards as would reasonably bring the use to be made into general consonance with the spirit of the ordinance and the general character of the neighborhood.
The respondents’ request for a stay pending the determination of a similar proceeding in the Appellate Division is denied as is the petitioner’s request for the imposition of costs.
Under the circumstances I find the actions of the Board of Appeals and the Building Superintendent to have been arbitrary and capricious and they are annulled. The proceeding is remitted to the Board of Appeals for the purpose of action in conformance with this decision. Settle order accordingly.