## STATE ex rel. CRAWFORD et al. v. CORPORATION COMMISSION et al.

No. 28671. Sept. 13, 1938.

Rehearing Denied Nov. 29, 1938.

Application for Leave to File Second Petition for Rehearing Denied Dec. 13, 1938.

Phil W. Davis, Jr., for petitioners.

L. V. Reid, General Atty., and S. J. Gordon, Asst. Atty., for respondents.

GIBSON, J. This is an original action in mandamus brought in the name of the state by Sadie E. Crawford and others for themselves and all other parties similarly

situated, against the Corporation Commission and the individual members thereof, to require distribution of certain funds held by respondents for the benefit of petitioners and others.

The funds in question represent 10 per cent. of the aggregate amount refunded to the commission by the Southwestern Bell Telephone Company for their subscribers in the cities of Tulsa and Oklahoma City under certain orders of the commission affecting rates and charges for telephone service in said cities. The respondents retain 10 per cent. of the refund under authority and for the purpose as expressed in section 3631, O. S. 1931, 17 Okla. St. Ann. sec. 164, which reads as follows:

"For all rebates or refunds made through the intervention or agency of the Corporation Commission, a fee of ten per cent. on such rebates' or refunds shall be charged and deducted from such amount rebated or refunded through such intervention or agency of the Corporation Commission, and same shall be converted into the State Treasury as provided by law."

Petitioners say the section is unconstitutional and that the subscribers are entitled to the entire sum refunded. They contend that the aforesaid statute is violative of article 9, sec. 21, of the Constitution, and of certain other constitutional provisions, state and federal.

Said section 21, art. 9, dealing with refunds of this character, reads in part as follows:

"Upon the final decision of such appeal, all amounts which the appealing company may have collected, pending the appeal, in excess of that authorized by such final decision, shall be promptly refunded by the company to the parties entitled thereto, in such manner and through such methods of distribution as may be prescribed by the commission, or by law."

It is urged that this provision requires all the money representing the refunded overcharges to be paid to the subscribers without expense to them, and that the Legislature was without power to enact said section 3631. Petitioners say that section 3628, O. S. 1931, 17 Okla. St. Ann. sec. 123, enacted in 1913, places the entire cost burden upon the telephone company in this case, and they charge, in effect, that there exists no legal reason or authority for assessing against petitioners 10 per cent. of the recovery as additional costs or fees.

We have assumed jurisdiction of this proceeding for the primary reason that the

questions involved are publici juris. Clark v. Warner, 85 Okla. 153, 204 P. 929. Whether the petitioners, under the above stated circumstances, have shown a clear legal right to the writ (State ex rel. Chaffin v. Excise Board, 172 Okla. 425, 45 P.2d 480) constitutes the basic question involved. Though they may have shown a threatened or actual abuse of their legal rights, if any other adequate remedy in the ordinary course of law is available to petitioners, no clear legal right to the writ exists and the same will not issue. Reisinger v. Hurst, 163 Okla. 92, 20 P.2d 1040.

Respondents assert that the petitioners have their remedy by appeal. Section 3629, O. S. 1931, 17 Okla. St. Ann. sec. 124. Petitioners say that the disbursement of the fund is not a judicial matter, but is administrative, and therefore the right to appeal is not available. Section 1, art. 4, Const. They say, further, that to require each subscriber to appeal, in view of the smallness of the individual interests in the fund, would present a situation amounting to an unusual hardship upon the subscribers resulting in such denial of justice as would justify the issuance of the writ. Clark v. Warner, supra.

Section 3629, above, provides for appeal in such case, as follows:

"Any party in interest shall have a right to appeal from any action of the commission to determine the amount of refund due, or to whom such refund shall be made, or from any order or judgment rendered by the commission pertaining to the subject matter set forth in any of the above sections of this act, in the same manner as appeals are now taken from the Corporation Commission to the Supreme Court."

That section was enacted in 1913. If it is supported by constitutional authority, then there is in this case a remedy, whether adequate or not, for the individual subscriber of the telephone company other than by mandamus.

The Constitution does not specifically provide for appeals as sanctioned by said section 3629. It does, however, authorize appeals from both judicial and administrative orders of the commission rendered in certain matters pertaining to the affairs of transportation and transmission companies. Sections 20-22, art. 9. Such appeals, though they be from administrative orders, are authorized by the Constitution and constitute an exception to the provisions of section 1, art. 4, above, prohibiting the

encroachment of the three departments of government, one upon the duties of either of the others. But, whether or not a judicial remedy has been accorded the parties sufficient to satisfy the due process clause of the federal Constitution is another question. In the instant case, if the proceedings of the commission in determining the amount of the refund and disbursing the same were judicial, then the due process clause is satisfied, and the appeal authorized by section 3629, above, constitutes a legal remedy against the commissioner's action on disbursement and, if otherwise adequate, is exclusive, and resort to mandamus cannot be had.

In 1913 the Legislature passed section 3626, O. S. 1931, 17 Okla. St. Ann. sec. 121, which reads as follows:

"The Corporation Commission is hereby vested with the power of a court of record to determine: First, the amount of refund due in all cases where any public service corporation, person, or firm, as defined by the Constitution, charges an amount for any service rendered by such public service corporation, person, or firm, in excess of the lawful rate in force at the time such charge was made, or may thereafter be declared to be the legal rate which should have been applied to the service rendered: and, second, to whom the overcharge should be paid."

Full authority for this enactment is found in the quoted portion of section 21, art. 9, above. The fund in the instant case represents the charges made and collected by the telephone company in excess of the rate fixed by order of the commission, and its determination is governed by said section 3626. Section 3627, O. S. 1931, 17 Okla. St. Ann. sec. 122, authorizes the commission to render judgment against the company for the amount of the overcharge, the charge in excess of the legal rates. The powers conferred by these sections are clearly judicial in nature, and the disbursement of the ·fund is controlled by the commission as a judicial body, and as incident to its power to enforce its judgments. Its orders entered pursuant to such powers are appealable under authority of section 3629, above, and the review thereof is judicial, and constitutes a legal and adequate remedy. That the appeal may cause inconvenience or delay, or incur expense out of proportion to the amount involved, the remedy may not be said to be inadequate, permitting resort to mandamus. Southwestern Natural Gas Co. v. Vernor, 178 Okla. 344,

62 P.2d 1262. In that case we held as follows:

"Where the remedy of appeal is available to a litigant, such remedy will not be declared inadequate merely because of inconvenience, expense, or delay."

The writ is denied.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, PHELPS, CORN, HURST, and DAVISON, JJ., concur. RILEY, J., absent.