BARKER v. BOND et al.

No. 29838. March 18, 1941.

*111 P. 2d 507.*

Chas. West, of Oklahoma City, for plaintiff in error.

L. V. Reid, S. J. Gordon, Ed White, and Mac Q. Williamson, Atty. Gen., and Randell S. Cobb, Asst. Atty. Gen., for defendants in error.

BAYLESS, J. This action originated in the district court of Oklahoma county, wherein Norman Barker filed his petition against Reford Bond, A. S. J. Shaw, and Ray O. Weems, "as the Corporation Commission of the State of Oklahoma," and A. F. Sweeney, seeking the allowance of an attorney's fee from funds in the control of the defendant members of the Corporation Commission for services rendered defendant Sweeney in relation to said fund. His action was dismissed, and this appeal followed.

In the petition plaintiff outlined in detail services he rendered as an attorney for defendant Sweeney in filing and successfully prosecuting a proceeding before the State Corporation Commission, and, on appeal, for a reduction in telephone rates in the city of Tulsa. He alleged that a large sum of money was saved to the telephone users of Tulsa and that equitable principles dictated that he, as the attorney whose services aided in this result, should be adequately compensated. He alleged that while the sum saved in the aggregate was large, it was owing to many persons, usually in such small sums as to render it impracticable to seek compensation from each or several of such persons. He alleged further that a large part of the sum had been distributed by the Corporation Commission without regard to his rights and that only about $50,000 remained in its hands unclaimed, and he asked that the district court in the exercise of its powers of equity fix a reasonable attorney's fee for the services rendered and order the defendant Corporation Commission members to pay it from the fund in their control as such commissioners. His only allegations for relief insofar as Sweeney is concerned is that Sweeney has procured the services of another lawyer, thereby implying that their interests no longer wholly coincide.

The defendant Corporation Commissioners filed a substitute demurrer reading:

"That this court has no jurisdiction of the defendant, the Corporation Commission of the State of Oklahoma, the suit being, in effect an action against the state.

"That this court has no jurisdiction of the subject matter of this action.

"That there is a defect of parties defendant in that the petition shows on its face that the funds alleged to be now held by the Corporation Commission is the property of persons not made parties defendant and who are necessary parties to the action.

"That the petition does not show facts sufficient to constitute a cause of action in favor of plaintiff and against Reford Bond, A. S. J. Shaw and Ray O. Weems as the Corporation Commission of the State of Oklahoma."

This demurrer was sustained by a general order, to which plaintiff excepted and requested time in which to amend.

Thereafter plaintiff filed "application of plaintiff to amend," reading:

". . . by inserting these words at the end of the allegation before the prayer:

"Plaintiff did not delay in making this application, though a cursory examina-

tion might leave that impression. Plaintiff has at all times acted in good faith in this matter and pursued what course appeared to him to be reasonable and prompt.

"That he could not apply to the commission for relief while the case was pending before said commission because said commission had no equitable jurisdiction to a charge on the fund for plaintiff's benefit. That he did not and could not apply to the Supreme Court for such relief before the case went to the Supreme Court of the United States, because the decision was immediately superseded by the telephone company. He did act promptly to ask relief of the Supreme Court, immediately after the case reached the Supreme Court on remand from the Supreme Court of the United States, and because the Supreme Court wished to remand the case to the commission his application had to be heard before a referee before the plaintiff could search through the records and find all the supporting facts. It was this haste in preparation before the referee which caused him to fail to find the vital words in the order and opinion of the Supreme Court upon which reliance is placed here to show that plaintiff was the moving cause in obtaining for the beneficiaries the refunds made in the telephone case. Plaintiff was forced to place upon the witness stand before the referee an employee of the commission who testified that plaintiff was not such moving cause. This testimony was doubtless given by mistake of the witness but compelled the plaintiff to dismiss his case before the Supreme Court without prejudice because he morally knew that the witness was wrong, but at that time did not know how to prove the witness's mistake. For this reason the Supreme Court was prevented from giving the plaintiff relief and after plaintiff's said dismissal the case was at once remanded to the commission.

"Plaintiff then painstakingly went over all the record of the case and attempted to go through all the extraneous evidence and discovered the proof that the commission had consolidated his case with that of the commission, though without making an order to that effect at that time, and discovered the vital language in the opinion and the order of the Supreme Court, one quoted and referred to in this petition, the other cited in the argument on the demurrer. Plaintiff thus discovered that he was right as he supposed in believing that he was the moving cause of said refund. Plaintiff could not at that time resort to the Supreme Court, because it had remanded the case and would not take it on application direct to it, but was forced to apply to this court as one of equity."

The defendant Corporation Commissioners evidently treated this as being an amendment or that the application to amend had been granted, for they filed "Motion to Strike Amendment and Dismiss Petition." This motion was sustained, and the action was dismissed.

We do not pass upon the issue raised by defendants on the authority of Wagner v. Thorpe, 151 Okla. 142, 2 P. 2d 1027, for this necessitates a determination whether the amendment made the petition good, which in turn necessitates determining wherein the petition was defective. When we have determined wherein it was defective, we find it is incapable of being remedied and no occasion then exists for weighing the amendment.

The history of this matter may be found in Southwestern Bell Telephone Co. v. State, 181 Okla. 247, 71 P. 2d 747. The powers of the Corporation Commission and the things it can do in these matters are outlined in the Constitution and statutes of this state.

In Crawford v. Corporation Commission, 184 Okla. 127, 85 P. 2d 288, we said:

". . . The fund in the instant case represents the charges made and collected by the telephone company in excess of the rate fixed by order of the commission, and its determination is governed by said section 3626. Section 3627, O. S. 1931, 17 O.S.A. § 122, authorizes the commission to render judgment against the company for the amount of the overcharge, the charge in excess of the legal rates. The powers conferred by these sections are clearly judicial in nature, and the disbursement of the fund is controlled by the commission as a judicial body, and as incident to its power to enforce its judgments."

This was said with respect to the proceedings for rate reduction and the fund created thereby involved here.

We think it is decisive of the issue that the district court lacked jurisdiction of the subject matter raised by the demurrer. The matter of the proceedings by which the funds came into existence is exclusively within the original jurisdiction of the Corporation Commission under our Constitution and applicable statutes, and the power to determine the amount of the fund, the persons entitled thereto, and the amount to be paid to those entitled to the fund is clearly a part of the administration of the judicial powers thus conferred. Crawford v. Corporation Commission, supra.

We hold that the district courts are without power in law or equity to direct the allowance of fees to attorneys out of these funds. The judicial power vested in the Corporation Commission, in these matters, with the right of appeal, affords a forum and a complete remedy to anyone interested. No occasion can arise in one of these proceedings for resort to a district court in respect to the allocation and disbursement of such a fund.

The petition did not state a cause of action on account of this fundamental defect, and it was not subject to being amended so to do. Therefore no error was committed when the demurrer was sustained, nor when the amendment to the petition was stricken and the cause dismissed.

Judgment affirmed.

WELCH, C. J., CORN, V. C. J., and HURST and ARNOLD, JJ., concur.