Calenthe **MELTON**, dba Melton Trailer Court, Appellant,

v.

The **CITY OF DURANT** et al., Appellee,

No. 45098.

Supreme Court of Oklahoma.

April 30, 1974.

James O. Braly, Durant, for appellant.

John Allen Phillips, II, Durant, for appellee.

SIMMS, Justice:

Plaintiff applied to the Zoning Administrator of Durant, Oklahoma, for a permit to locate two additional mobile home trailers on a vacant lot at the end of her trailer park. The Zoning Administrator denied the application. Plaintiff filed an appeal with the Durant Board of Adjustment which upheld the denial of the permit.

Plaintiff did not appeal the action of the Board of Adjustment to the District Court, as provided in 11 O.S.1971, § 408, but filed an original action in the District Court for a Writ of Mandamus to direct the Zoning Administrator to issue the permits. The trial court denied the writ. Plaintiff appeals.

Plaintiff is the owner of block 371 in Durant. Block 371 is a semi-triangular shaped lot with Lot 1 constituting the Northeast portion of the lot, Lot 2 the Northwest portion, and Lot 3 the entire Southern portion. Plaintiff received her first zoning permit for a mobile home on Lot 1 in 1958. Plaintiff now has permits for nine trailers which are located on Lots 1 and 3, and is seeking permits to place two additional mobile homes on Lot 2, from which a dwelling house was removed in 1970.

In determining whether the trial court was correct in denying the writ of mandamus to require the Zoning Administrator to issue a permit under the Durant Zoning Ordinances, two questions shall be considered. First, whether Plaintiff has adequate remedy by appeal from the Board of Adjustment decision that would prohibit the granting of the writ of mandamus. Second, whether the Zoning Administrator had discretion in granting or denying the

permits that would prohibit the granting of the writ of mandamus.

Title 12, O.S.1971, § 1452, provides that the writ of mandamus ". . . may not be issued in any case where there is a plain and adequate remedy in the ordinary course of the law . . ." Thus, it has been held that mandamus will not lie to review the decisions of an administrative official or board where an effective remedy on judicial review may be had by appeal. State ex rel. Crawford v. Corp. Comm., 184 Okl. 127, 85 P.2d 288 (1939); Southwestern Natural Gas Co. v. Vernor, 178 Okl. 344, 62 P.2d 1262 (1937).

Title 11, O.S.1971, § 407, provides in part:

"The Board of Adjustment shall have the following powers:

To hear and decide appeals where it is alleged there is error in any order, requirement, decision or determination made by an administrative official in the enforcement of this act or of any ordinance adopted pursuant thereto."

By the terms of 11 O.S.1971, § 402, the legislative bodies of cities and towns are given the authority to enact zoning classification ordinances and to appoint a Board of Adjustment with certain defined powers as set forth above.

Title 11, O.S.1971, §. 408, provides for review of adverse rulings of the Board of Adjustment by appeal to the District Court.

Thus, there is a well-defined statutory scheme for review of orders or determinations by municipal zoning officials. There is then, in this case, a remedy for the plaintiff who feels aggrieved other than by mandamus. We see no compelling reason why we should deviate from the statutory requirement that the plaintiff seek relief through the ordinary course of the law, rather than the extraordinary course of writ of mandamus. 12 O.S.1971, § 1452.

If the Zoning Administrator had discretion in denying or granting the permit, mandamus will not lie. Mandamus is proper only to compel an officer to perform a ministerial duty required by law. Goeppinger v. McIntosh, Okl., 376 P.2d 605 (1962).

The record reflects that three City Ordinances are involved:

(1) Zoning Ordinance No. 624—April 30, 1940, restricting Block 371 to single or dual family dwellings. (Residence Class #1, the most restrictive zoning classification in the City.)

(2) Zoning Ordinance No. 833—April 1, 1968, superseding Ordinance No. 624, classifying Block 371 as Residence Class #2, two family residences. (Mobile home parks are permitted only in Class #3).

(3) Trailer Coach Ordinance #769—May 15, 1969, establishing the location, rules and regulations for trailers.

Plaintiff does not deny that the 1940 Ordinance was in effect when she established her trailer park in 1958, but apparently argues that if the ordinance was in effect, the city is estopped from now seeking to enforce the ordinance by its action of issuing the 1958 and subsequent licenses. Plaintiff additionally reasons that by city's non-enforcement of the 1940 ordinance, her use of the property merely constitutes a non-conforming use under the 1968 Zoning Ordinance. Magnolia Petroleum Co. v. City of Tonkawa, 189 Okl. 125, 114 P.2d 474 (1941), held that the enactment of a zoning ordinance subsequent to the establishment of a business was merely a nonconforming use and as such could not prohibit the normal expansion of that ongoing business. It is therefore argued that plaintiff's attempt to place two additional mobile homes on her property should be allowed as a normal expansion of her ongoing business, established prior to the 1968 ordinance.

Defendant City contends that the property was not zoned for business when the plaintiff established her trailer park in 1958. Thus, defendant argues that plaintiff's use of the property constitutes a var-

iance in violation of the 1940 ordinance, rather than a non-conforming use. City does not believe that non-enforcement of the 1940 ordinance by issuance of permits to plaintiff contrary to the provisions of the ordinance constitutes invalidation of the ordinance.

City further argues that the trailer park operation is in violation of the 1969 trailer coach ordinance by failing to meet space, sidewalk, driveway, sanitary facility, and recreational requirements of the ordinance.

Plaintiff does not deny that the 1940 zoning ordinance had been enacted, and the record reflects that the ordinance was in effect until superseded by the 1968 zoning ordinance. Nor does plaintiff cite any cases as authority that the 1940 ordinance should be declared invalid for non-enforcement. We therefore find that the plaintiff's initial use of the property in question as a trailer park in 1950 constituted a variance from the provisions of the 1940 zoning ordinance No. 624, which restricts property use to single family residential. To grant the requested additional permits would constitute the granting of a variance.

It is well settled that the granting or denial of a variance is within the sound discretion of the City zoning officials and the Board of Adjustment. 11 O.S.1971, § 407.

On review, the judgment of the trial court upholding the Board of Adjustment will not be disturbed unless against the clear weight of the evidence. Brown v. Fraser, Okl., 467 P.2d 464 (1970).

We therefore conclude that the trial court properly ruled mandamus will not lie for two reasons: (1) Plaintiff had an adequate remedy at law by way of statutorily authorized appeal, and (2) The trial court correctly ruled that the City has discretionary authority to deny the permit.

Trial Court affirmed.

WILLIAMS, V. C. J., and IRWIN, BERRY, LAVENDER, BARNES and DOOLIN, JJ., concur.