**James T. BANKS, Appellant,**

v.

**CITY OF BETHANY, Oklahoma, Appellee.**

**No. 47167.**

Supreme Court of Oklahoma.

Sept. 23, 1975.

David A. Davis, Oklahoma City, for appellee.

Smith, Smith & Vaughan, Oklahoma City, for appellant.

DOOLIN, Justice.

In 1972, petitioner James Banks purchased a parcel of land in Bethany on the south side of the 39th Street Expressway. At the time of his purchase, the land and building thereon were being used as a residence and petitioner has continued to reside there. The property fronts on 39th for 128 feet and is 588.5 feet deep. The

north or front portion of the property is 280 feet deep and is presently zoned CG or general commercial. The rear 308.5 feet is zoned R–1 for single family residences. It is this rear portion of the property that is the subject of this action.

The petitioner operates a travel trailer and recreational vehicle sale and display business on the north 280 feet of his property. The properties on either side of him are zoned and utilized in the same manner and for the same kind of business. Petitioner applied to the Board of Adjustment of Bethany (Board) to grant a variance from the City of Bethany's (City) zoning requirements and allow him to use the back portion of his property, zoned for residences only, for additional display and storage of his merchandise. He further requested to be exempted from the screening and paving requirements of City's ordinances. The Board denied both of petitioner's requests and he appealed to the district court which affirmed the Board. Petitioner now appeals to this Court.

According to statute 11 O.S.1971, § 407 [1] the Board has authority to grant a variance from the terms of a city ordinance if the petitioner proves certain enumerated requirements.

Petitioner bases his argument that an unnecessary hardship is created by the ordinance on the fact that the rear portion of his property, if it were to be used for a residence, would be completely landlocked.

At present it is vacant, as is the property surrounding it, and there is no access to an existing street. A witness for petitioner, an appraiser, testified that the value of the land if used as residential lots would have a value loss of about $44,000.00.[2]

Where a literal enforcement of an ordinance would result in unnecessary hardship in a particular case, the Board may vary the application of such ordinance so that substantial justice may be done, if it is not contrary to the public interest or the spirit of the ordinance. The Board is an administrative board with quasi-judicial power to determine if the facts submitted by the petitioner warrant a variance. The exercise of such function is not legislative in character in that it may not change the ordinance. *Oklahoma City et al v. Harris,* 191 Okl. 125, 126 P.2d 988 (1942). The Board may not under the guise of a variance nullify the zoning ordinance and derogate the fundamental character, intent and true purpose of the zoning law. *VanMeter et al v. A. F. Wilcox Oil and Gas Co. et al,* 170 Okl. 604, 41 P.2d 904 (1935).

When a decision of the Board is appealed to the district court, it is tried de novo and the scope of inquiry is the same as the Board's. The proceedings are equitable in nature and the judgment of the district court will not be reversed unless clearly against the weight of the evidence. *Board of Adjustment of Oklahoma City v.*

I.   .   .   .

The Board of Adjustment shall have the following powers:

(1)   .   .   ..
(2)   .   .   ..
(3) To authorize in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where owing to special conditions a literal enforcement of the provisions of the ordinance will result in unnecessary hardship and so that the spirit of the ordinance shall be observed and substantial justice done.
(4)   .   .   ..
(5) A variance may be granted upon a finding by the Board of Adjustment that:

(a) The application of the ordinance to the particular piece of property would create an unnecessary hardship;
(b) Such conditions are peculiar to the particular piece of property involved; and
(c) Relief, if granted, would not cause substantial detriment to the public good, or impair the purposes and intent of the ordinance or the comprehensive plan.

2. "Value loss" as used here means the total loss from all causes including the difference between the value of the property if used for residential purposes and its value as commercial property, plus the costs necessary to convert the property into residential lots, such as costs for water lines, streets, sewers, curbing and guttering.

*Shanbour*, 435 P.2d 569 (Okl.1967). *Twist v. Kay*, 434 P.2d 180 (Okl.1967).

■■ The burden of proof rests on the petitioner. There is a presumption in favor of the correctness of the ruling of the Board and when such determination has been affirmed by the district court on appeal, it should be given great weight and should not be interfered with unless arbitrary or clearly erroneous. The reviewing court will not simply substitute its judgment and discretion. *Bailey v. Uhls,* Okl., 503 P.2d 877 (1972).

The district court found and we agree, that petitioner has not met his burden of proving all three of the essential elements required by the statute in order for it to grant the variance.

■ First, petitioner claims that an unnecessary hardship exists because the property is landlocked, and because he needs the use of this property to expand his trailer sales business. Although admittedly, petitioner purchased the property with knowledge of the zoning ordinance, this does not prohibit him from seeking a variance from such restrictions. *Board of Adjustment of Oklahoma City v. Shanbour* supra. But the court still felt that the hardship was self-imposed. The City of Bethany presented two alternative proposals which showed that petitioner could develop his property as presently zoned. We acknowledge that the zoning creates a financial hardship. But added advantage and monetary benefit are not sufficient grounds standing alone to warrant the granting of a variance. "Neither practical difficulty nor unnecessary hardship warrants relaxation of zoning restrictions unless the property suffers some unusual hardship different from and more onerous than that suffered by other properties in the district." *Glasgow v. Beaty*, 476 P.2d 75 (Okl.1970). Plaintiff in that case, as in the present case, did not show any evidence calculated to show any arbitrary or capricious act in enforcement of the controlling ordinances. Thus the Court's denial of the variance did not constitute unjust discrimination.

The second requirement of the statute is that the condition creating the hardship must be peculiar to that particular piece of property. The trial court felt and we agree that the proof totally failed on this point. It was shown at trial that the deepest commercial penetration along the south side of the expressway in Bethany is 385 feet. If the variance were to be granted to petitioner, his commercial property would extend into the residential area to a depth of 308.5 feet or a total of 588.5 feet. The present zoning on petitioner's property applies equally to all property in the area beyond 280 feet in depth. While at the time of petitioner's application the back portion of the property just west of petitioner's was zoned C-1 for neighborhood commercial, at the time of trial testimony and the zoning map introduced into evidence show it to be residentially zoned just as petitioner's. Petitioner's situation is not unique.

The third requirement of the statute is that "relief, if granted would not cause detriment to public good or impair the purposes and intent of the ordinance or the comprehensive plan." The trial court found that the proposed variance would clearly violate the purpose and intent of the comprehensive or long range city plan. Testimony of City's expert witness indicated that 300 feet is the maximum desirable depth for strip commercial zoning and through its long range plans City desired to discourage this type of zoning. City also offered adverse testimony of neighborhood residents asking the Board to refuse petitioner's request because it would cause a depreciation in residential property values in the neighborhood.

In a New York case with facts very similar to the present case, the only access to the residentially zoned part of petitioner's tract was by way of crossing the commercially zoned portion fronting on the street. Petitioner contended that the lack of access from the street to the rear portion constituted an element showing unnecessary

hardship. The Court, in refusing the variance, held that if this was a hardship, then the vice was in the legislation creating the ordinance and should not be remedied by piecemeal exemption which "ultimately changes the character of the neighborhood and creates far greater hardships than that which a variance may alleviate . . ." *Otto et al. v. Steinhilber et al.*, 282 N.Y. 71, 24 N.E.2d 851 (1939).

The Court also properly denied the requested variance from the ordinance requiring all outside open storage and display of merchandise to be screened and the ground to be paved with a sealed surface to prevent blowing dust and growth of grass and weeds under the trailers. Petitioner offered no evidence that would justify relaxation of the ordinance as to his property alone.

Affirmed.

WILLIAMS, C. J., HODGES, V. C. J., and IRWIN, BERRY, LAVENDER, BARNES and SIMMS, JJ., concur.