Gary Don WHITCOMB, Appellant,

v.

CITY OF WOODWARD, Appellee.

No. 52809.

Court of Appeals of Oklahoma, Division No. 1.

Aug. 12, 1980.

Released for Publication by Order of Court of Appeals Sept. 16, 1980.

Annis & Mitchel by Michael W. Mitchel, Woodward, for appellant.

S. James Foiles, Woodward, for appellee.

REYNOLDS, Presiding Judge:

The issue herein presented is whether the trial court's judgment denying a variance to permit a convenience store to be located on property presently zoned single family residential is against the clear weight of the evidence.

On February 28, 1977, Appellant petitioned the Metropolitan Area Planning Commission of Woodward (MAPC) to rezone his property, two 50′ × 100′ vacant lots at the corner of 9th and Walnut, from R–1, single family detached dwelling, to C–1 commercial. Appellant intended to build a convenience store on this property. The MAPC reaffirmed its November 8, 1976, recommendation that property, including Appellant's be rezoned C–1. The City Commission of Woodward denied Appellant's petition to rezone this property on April 4, 1977.

Appellant filed the original petition in this action on April 12. While this case was pending Appellant appeared before the Woodward Board of Adjustment which, on May 18, 1977, denied Appellant's request for a variance. Appellant filed an Amended Petition and a Second Amended Petition on July 5, 1978 and August 24, 1978, respectively, seeking appellate relief from the Board of Adjustment's decision. The district court denied Appellant relief from the Board's decision. Appellant has perfected this appeal.

The Oklahoma Supreme Court, in *Pelican Production Corp. v. Mize*, Okl., 573 P.2d 703 (1977), has interpreted Title 11 O.S. 1971, § 407 (re–enacted as Title 11 O.S.Supp.1979, § 49–107) as placing upon the applicant for a variance, the burden to show the following: (1) that the granting of the variance will not be contrary to the public interest; (2) that the literal enforcement of the ordinance will result in unnecessary hardship; (3) that by granting the variance the spirit of the ordinance will be observed; and (4) that by granting the variance, substantial justice will be done. Failure to make the required showing in any one of the above will be fatal to the Applicant's request.

The granting or denial of a variance is within the sound discretion of the municipal zoning officials and the boards of adjustment. *Melton v. City of Durant*, Okl., 521 P.2d 1372 (1974). Appeals from the decisions of the boards of adjustment are to the district court and the cause is tried de novo. These proceedings are equitable in nature. Therefore, the scope of review of this Court is not to substitute its judgment for that of the trial court, but rather to determine whether the trial court has abused its discretion. Unless clearly against the weight of the evidence, the judgment of the trial court will not be disturbed. *Melton v. City of Durant, supra.*

In variance cases a presumption exists in favor of the correctness of the determination arrived at by the board of adjustment. When this determination has been affirmed by the district court on appeal, this presumption is entitled to great weight. *Banks v. City of Bethany*, Okl., 541 P.2d 178 (1975).

Appellant's task on appeal was to show that the trial court's decision with respect to all essential elements was clearly against the weight of the evidence. After carefully examining the record herein presented, we conclude that Appellant has failed to make this requisite showing.

AFFIRMED.

BOX and ROMANG, JJ., concur.