**AMERICAN FIRST TITLE AND TRUST COMPANY, INC., Plaintiff/Appellant,**

v.

**Merrel H. MEDLEY, Director, Community Development Department, and the Board of Adjustment of the City of Oklahoma City, Defendants/Appellees,**

and

**Okland Oil Company, Intervenor/Appellee.**

No. 65229.

Court of Appeals of Oklahoma, Division No. 3.

Nov. 3, 1987.

---

William H. Sullivan, Oklahoma City, for plaintiff/appellant.

Robert D. Allen, Municipal Counselor, and Kenneth D. Jordan, Asst. Municipal Counselor, Oklahoma City, for defendants/appellees.

Michael J. Blaschke, Oklahoma City, for intervenor/appellee.

HUNTER, Judge:

Okland Oil Company, Intervenor/Appellee, filed an application with Merrel H. Medley, Director of the Community Development Department, Appellee, to drill an oil-and-gas well within the corporate limits of Oklahoma City, pursuant to the terms and provisions of oil and gas leases covering the subject property. The application was denied and Okland appealed to the Board of Adjustment of the City of Oklahoma City, Appellee, which granted Okland the requested variance and ordered the Director to issue the permit.

Appellant, American First Title and Trust Company, appealed the order of the Board of Adjustment to the district court. Appellant is the record owner of the surface of the property in question. The district court granted Okland's motion to intervene, and after a trial de novo, modified the decision of the Board of Adjustment and affirmed the decision as modified. Appellant filed its motion for new trial, which the trial court overruled, and from that order, Appellant has timely perfected this appeal.

■ Appellant contends that the Oklahoma City Board of Adjustment does not have the authority to grant a variance for a drilling permit outside the U–7 drilling zone without a vote of the people and that the granting of a variance is in conflict with Article 12 of the Oklahoma City Charter and constitutes an ultra vires act. This proposition is without merit. Okland directs our attention to *Vinson v. Medley*,

737 P.2d 932 (Okl.1987). The facts in *Vinson* are very similar and the decision in that case is dispositive of this proposition. In *Vinson*, the landowner raised the same proposition of error, challenging the authority of the Board of Adjustment to issue a variance for drilling of wells outside the U–7 drilling zone. The Supreme Court stated:

> The City Charter, Article 12, requires a vote of the electors to enlarge or to create U–7 drilling zones. It limits the City's legislative powers but does not address itself to the adjudicative powers of the Board to grant variances in the manner provided by 11 O.S. 1981 §§ 44–104 and 44–107.
>
> The Board is not empowered to pass legislative acts like those of the City's governing body. Rather, its powers are purely adjudicative. It may only determine whether a variance should be granted after applying pertinent statutory criteria to the existing physical facts in the locus in quo. The Board cannot create new zones through variances. We hence conclude that no conflict exists between the invoked provisions of the City Charter and the challenged state law. Moreover, even if the charter could be read as a limitation on the City's exercise of adjudicative power, it could not pass constitutional muster when tested by the minimum standards of due process, state or federal.

Appellant contends the trial court erred in upholding the decision of the Board of Adjustment. This proposition is also without merit. The trial court found that the intervenor met the three requirements necessary to obtain a variance, pursuant to the provisions of Title 11 O.S. 1981, § 44–107. In upholding the order granting the variance, the trial court modified the Board's order, pursuant to Title 11 O.S. 1981, § 44–110, and ordered the drill site approved by the Board moved to another location, to minimize any disturbance to the residential development plans. The record supports the trial court's findings. At the time the request for a variance was filed, the property was zoned "AA" agricultural. Although a residential development and golf course had been planned by the owners no development had commenced prior to the trial court's findings. Conditions to minimize any noise or physical disruption of the surface property were imposed by the Board of Adjustment in allowing the variance and were incorporated by the trial court in its order. Appellant did not propose any alternative method by which Okland could utilize its property rights.

When a decision of the Board is appealed to the district court, the proceedings are equitable in nature and the judgment of the district court will not be reversed unless clearly against the weight of the evidence. There is a presumption in favor of the correctness of the ruling of the Board and when such determination has been affirmed by the district court on appeal, it should be given great weight and should not be interfered with unless arbitrary or clearly erroneous. *Banks v. City of Bethany*, 541 P.2d 178 (Okl.1975).

Appellant has alleged a third proposition of error, but it is unsupported by either the record or cited authority, and as such, will not be considered on appeal. *Paris Bank of Texas v. Custer*, 681 P.2d 71 (Okl.1984).

The trial court's order, modifying the decision of the Board of Adjustment and affirming as modified, is not arbitrary, erroneous, or against the weight of the evidence. The trial court properly overruled Appellant's motion for new trial.

For the reasons stated above, the order of the trial court overruling Appellant's motion for new trial, is AFFIRMED.

HANSEN, P.J., and BAILEY, J., concur.