**RED DOG SALOON, Appellee,**

v.

**BOARD OF ADJUSTMENT OF the CITY OF OKLAHOMA CITY, Appellant.**

**Nos. 70010, 69989.**

Court of Appeals of Oklahoma, Division No. 3.

Dec. 5, 1989.

Rehearing Denied Jan. 2, 1990.

Certiorari Denied May 8, 1990.

Kenneth D. Jordan, Oklahoma City, for appellant.

J.N. Coyle, III, Oklahoma City, for appellee.

## MEMORANDUM OPINION

HANSEN, Presiding Judge:

This case arises from an application for a zoning variance to the Oklahoma City Board of Adjustment (Board) (Defendant/Appellant). This application was filed by Ray Mackey d/b/a The Red Dog Saloon (Plaintiff/Appellee) for his nude dancing establishment located at 6417 North West 10th Street.

Pursuant to § 59–6200.1(E)(1) of the Oklahoma City Municipal Code, an "Adult Entertainment Use" must obtain a "Conditional Use Permit" in order to legally operate. To be eligible to obtain a Conditional Use Permit the adult entertainment use

must be able to meet all of the "Development Regulations for Adult Entertainment Uses" contained in § 59–6200.1(E)(1)(d) as follows:

> (d) Development Regulations for Adult Entertainment Uses. Any person applying for a conditional use permit to locate, remodel, alter, rebuild, or relocate any of the above referenced uses within the City of Oklahoma City must show that said use will comply with the following developmental criteria as well as all others contained within this Article generally:
> 1. Adult entertainment uses as specified here and above shall be permitted to locate only in the "C–3 community commercial district" (3200.13), the "C–4 general business district" (3200.14) and the "C–CBD central business district" (3200.-15).
> 2. No conditional use permit shall be granted for any proposed location which is within a one-thousand foot (1,000) radius of any other adult entertainment use as specified herein above.
> 3. No adult entertainment use shall be allowed to locate within a five-hundred foot (500) radius of any church, public or private school, (type which offers a compulsory educational curriculum) or public or private park. Nor shall any adult entertainment use be allowed within five-hundred feet of any area zoned for residential use.
> 4. All distances required to be met pursuant to the terms of this section shall begin at the property line of the proposed use and be measured to the nearest property line of the public or private school, park, church, residentially zoned area or adult entertainment use within the proscribed distance, if any.

Plaintiff was denied a Conditional Use Permit by the Director of the Community Development Department because it is not located in a designated commercial zoning district as required by § 59–6200.1E(1)(d)(1), and it is located within 500 feet of an area zoned for residential use contrary to § 59–6200.1E(1)(d)(3). Plaintiff then applied for a variance from Defendant.

After presentation of evidence by all concerned, Defendant denied the requested variance. Plaintiff thus perfected its appeal to the district court. It alleged in its petition that it was entitled to a zoning variance for its establishment and that the "Adult Entertainment Use" ordinance (ordinance) is unconstitutional and a violation of the First and Fourteenth Amendments to the United States Constitution. The trial court in reversing the order of the Board, ruled Plaintiff was entitled to a variance. In granting the variance the trial court found:

> (a) that the application of the ordinance to the subject property would impose an unnecessary hardship; and
>
> (b) that the property involved is peculiar in that the Red Dog Saloon has operated at this location for over 17 years with no evidence of adverse effects; and
>
> (c) that the variance, if granted, would not impair the purposes and intent of the ordinance; and
>
> (d) that substantial justice will be done if the variance is granted.

Defendant appeals this ruling.

■■■ For its first proposition of error Defendant contends the district court was obligated to uphold the decision of Defendant to deny the variance requested by Plaintiff, unless the decision was arbitrary or an abuse of Defendant's discretion to deny the variance. In variance cases a presumption does exist in favor of the correctness of the Board's rulings. But because in this case Defendant's decision was reversed, the presumption that initially attached to its validity is to be regarded as having been overcome by the adverse ruling of the trial court. *Vinson v. Medley,* 737 P.2d 932 (Okla.1987). A proceeding to review a board's decision either to grant or deny a variance is equitable in nature. *Banks v. City of Bethany,* 541 P.2d 178 (Okla.1975). Unless clearly contrary to the weight of the evidence, the district court's decree will not be disturbed. *Banks v. City of Bethany, supra.* The trial court must conduct a de novo inquiry and it has the same power as Defendant to grant or

deny a variance. *Bailey v. Uhls*, 503 P.2d 877 (Okla.1972).

▇ For the Board to grant a variance to an applicant, that applicant must show that (1) a variance would not be contrary to public interest; (2) an unnecessary hardship would arise if the ordinance were literally enforced; (3) the spirit of the ordinance would be upheld; and (4) substantial justice would done by granting the variance. *Vinson v. Medley, supra*. Defendant contends Plaintiff's evidence is not sufficient to show that Plaintiff's application meets each of the elements for the grant of a variance. As concerns the first element, Mr. Mackey testified he was within 500 feet of apartment complexes and a residence. However, a map of the property and the surrounding area shows that where the business is located is in the center of a block isolated as an island, as it were. Although the property itself is within 500 feet of some apartments, the building itself is somewhat removed. The public interest is set forth in the purpose clause of the ordinance. That clause states:

> It has become apparent that the concentration of "adult entertainment uses" in the City of Oklahoma City tends to result in the blighting and deterioration of those areas subject to such concentration. Accordingly, it is deemed necessary to regulate such uses in a manner reasonably calculated to prevent the occurrance of such deleterious effects upon surrounding properties.

Because the property is standing alone in a block, there is no concentration of adult entertainment uses resulting in blighting and deterioration of those areas. The trier of fact found the variance did not conflict with the public interest.

Furthermore, because of the distance requirements also set forth in the ordinance regarding schools, parks and residences, the City desires to avoid exposing children to an adult subject. It is noteworthy that one protest letter was received and later withdrawn. It appears the people immediately in the area of Plaintiff's property do not have much concern about the deleterious effects on their properties.

Next, regarding whether an unnecessary hardship would arise if the ordinance were literally enforced, Mr. Mackey testified that he would probably go bankrupt and that it would be very likely he would have an $800,000.00 building sitting empty. He further testified he doubted if anyone would be able to lease it for any other purpose because it was especially constructed for nude dancing entertainment.

▇ An unnecessary hardship is found when (1) there is some degree of interference with an ordinary legal property right from which the hardship would arise; (2) the hardship is peculiar or unique to the applicant's situation; (3) the degree of severity of the hardship imposed by the ordinance is not essential to carry out the spirit of the ordinance; and (4) substantial deprivation results to the applicant. It is obvious there is some degree of interference with Plaintiff's property right to operate its business if the variance should not be granted. This hardship is unique to Plaintiff's situation, inasmuch as Plaintiff has been in business at the 10th Street location for the past 19 years and argues its establishment is a landmark or an institution. Mr. Mackey has a tremendous monetary investment in the establishment. The spirit of the ordinance, i.e., to avoid the blight of the neighborhood, remains intact because although the property comes within 500 of the apartment complex, the building itself is somewhat removed. Moreover, the property does avoid churches, schools, and parks by at least 500 feet. Finally, substantial deprivation will result to Plaintiff if it is forced to move its operation to another location.

Although we are cognizant that financial loss has little bearing on whether an unnecessary hardship has been established, we have outlined facts to show Plaintiff's property was unique to its situation. The trial court's ruling that an unnecessary hardship would arise if the ordinance were literally enforced is not against the clear weight of the evidence.

In our prior discussion dealing with unnecessary hardship, we found that the spir-

it of the ordinance would be upheld. And lastly, for all the reasons stated above, we agree with the trial court's finding that substantial justice will be served by granting the variance. The findings of the trial court are not against the clear weight of the evidence. Accordingly, the judgment of the trial court is AFFIRMED.

BAILEY, C.J., and REYNOLDS, J. concur.