COOPER BROS. INVESTMENT COMPA-NY, and Elizabeth L. Swansberger, Administratrix of the estate of Lawrence B. Swansberger, deceased, Appellants,

v.

Jeff G. RAY, P. E., Director, Community Development Department, Appellee,

and

Smith Highland Hills Civic Club and Carlos E. McAfee, Appellees.

No. 53104.

Court of Appeals of Oklahoma, Division No. 2.

March 24, 1981.

Rehearing Denied April 16, 1981.

Certiorari Denied June 1, 1981.

Released for Publication by Order of Court of Appeals June 4, 1981.

John McKee, Jopling, Blankenship & McKee, Oklahoma City, for appellants.

Walter M. Powell, Municipal Counselor, Thomas S. Jones, Asst. Municipal Counselor, Oklahoma City, for appellee Jeff G. Ray.

John C. Harrington Jr., Lytle, Soule, Curlee, Harrington, Chandler & Van Dyke, Oklahoma City, for appellees Smith Highland Hills and Carlos McAfee.

BRIGHTMIRE, Judge.

Did the trial court err in sustaining a demurrer to plaintiffs' evidence in support of their application for a zoning variance which would permit them to build an attractive brick one-story office building on two adjoining lots zoned for single family residential dwellings? We hold he did and reverse.

### I

Appellants, Cooper Bros. Investment Company and Elizabeth Swansberger, administratrix of her husband's estate, own or have an interest in two vacant lots having 120 foot frontage on the south side of N.W. 63rd Street and 170 foot frontage on the west side of N.W. 62nd Street in Oklahoma City, Oklahoma. The corner lot lies about 250 feet east of North Portland. It is zoned for residential use.

All four corners of 63rd and Portland are occupied by commercial establishments. The southwest corner features a shopping center, the northwest corner a television station (XOCO) and the northeast corner a filling station backed up by two office complexes, and on the southeast corner—which adjoins subject property to the west—is a fairly good size nursing home.

Immediately south of and across the street (to the east) from the lots in question are residential dwellings. The owner[1] wants to sell the lots and Cooper Bros. Investment Company has agreed to buy the land subject to being able to build a one-story commercial office building on it.

To this end the owner and Cooper joined in an application to the Oklahoma City Di-

rector of Community Development Department for a permit to construct a 73 foot by 70 foot office building. The application was denied because the lots are located in an area zoned for single family dwellings only. An appeal was made to the board of adjustment for a variance. Following a hearing the request was denied because, the board concluded, "there exists no exceptional topographical or other extraordinary or exceptional situations or conditions" of the property, nor is there any showing of undue hardship. Applicants appealed further to the district court.

The trial judge concluded he had to sustain a demurrer to applicants' evidence because he thought that the hardship experienced by the owner was self-created and that the effect of such self-imposed conduct was to bar the granting of any relief. The factual basis for the conclusion was that the Swansbergers were minority stockholders in the nursing home at the time it was built and left the subject lots vacant while commercial development occurred in the area. The inference to be drawn from the trial court's reasoning is that in his opinion if the owners, as stockholders in a nursing home corporation, had not permitted the construction of the nursing facility and had earlier built a house on the lots, there would be no zoning problem today—a speculation that ignores both the inability of minority stockholders to control a corporation and the widespread and inexorable commercial development of arterial trafficways in most all urban sections, save perhaps for the most expensive residential ones. The court also thought the hardship was in some unspoken way created by optionee Cooper Bros.—a fact obviously without record support.

### II

■ The pivotal question is whether or not the judgment of the trial court is clear-

1. The record discloses that Lawrence Swansberger, deceased, was the owner of the lots, and since Elizabeth is suing as administratrix of his estate, it is presumed the estate owns the subject land.

ly against the weight of the evidence.[2] The applicants say it is, because they presented cogent proof of the elements necessary for a variance as specified by statute[3] and by the high court in *Twist v. Kay*, Okl., 434 P.2d 180 (1967). They also say the hardship that exists was not created by them.

The protesting intervenors, a group of area residential property owners, and the City of Oklahoma City, on the other hand, agree with applicants as to the applicable law, but insist that applicants' proof fails to establish the existence of an unnecessary hardship, does not disclose a unique condition, and will not support a finding that the granting of a variance would not cause substantial detriment to the public good. Moreover, they say, if hardship does exist it is "self-created"—a fact that renders their plight judicially unrelievable according to *Board of Adjustment of Oklahoma City v. Puckett*, Okl., 353 P.2d 4 (1960).

### III

We hold sustention of the demurrer to applicants' evidence was clearly against its weight. The evidence is that N.W. 63rd Street now features a high traffic volume— some 16,999 cars daily—and property situated along it in the vicinity of the lots in question is, for all practical purposes, no longer suitable or desirable for residential single dwelling use. Subject lots are the only remaining undeveloped land on the south side of N.W. 63rd Street between Portland and N.W. 62nd Street. One of applicants' witnesses, an architect, opined that this fact along with other existing features of the area makes the property uniquely different from other properties south and east of it. And a builder of many years experience said the lot was unsuitable for residential construction.

This evidence, we think, when considered in context with the overall commercial development that has taken place during the past few years in the immediate vicinity, is of sufficient weight to support a finding that the lots feature a peculiar use condition in that they are not desirable for the use for which they are zoned and that unless a variance or exception is granted an unnecessary hardship will be imposed on applicants.

The evidence also demonstrates that granting the requested relief—permission to build a one-story brick office building— will not cause any substantial detriment to the public good, or impair the purposes and intent of the city's comprehensive zoning plan. The proposed structure is designed to act as an attractive buffer, suitably harmonizing with nearby housing as well as commercial establishments.

The judgment appealed is reversed and the cause remanded for further proceedings.

BACON, P. J., and BOYDSTON, J., concur.

---

2. Seeking a zoning variance is equitable in nature and subject to equity rules. *Twist v. Kay*, Okl., 434 P.2d 180 (1967).

3. 11 O.S.1977 Supp. § 44–107, which reads:
   "A variance from the terms of the ordinance may be granted, as provided in this article, only upon a finding by the board of adjustment that:

   "1. The application of the ordinance to the particular piece of property would create an unnecessary hardship;
   "2. Such conditions are peculiar to the particular piece of property involved; and
   "3. Relief, if granted, would not cause substantial detriment to the public good, or impair the purposes and intent of the ordinance or the comprehensive plan."